**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George BESASE, John Besase, Sam Besase, Ted Maison, Angelo Perna and Sam Rappaport, Defendants-Appellants.**

**No. 17035.**

United States Court of Appeals
Sixth Circuit.

Feb. 23, 1967.

John Kennedy Lynch, Cleveland, Ohio, and Paul A. Weick, Akron, Ohio, Marcus L. Friedman, James Slater Gibson, Toledo, Ohio, on brief, for appellants.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, Merle M. McCurdy, U. S. Atty., Toledo, Ohio, on brief, for appellee.

Before PHILLIPS, PECK and McCREE, Circuit Judges.

McCREE, Circuit Judge.

Following a non-jury trial, appellants were convicted of engaging in business as partners in a single six-member partnership in the conduct of a numbers lottery and with filing false and fraudulent Tax on Wagering Tax Returns for certain taxable periods. Appellants had obtained Wagering Tax Stamps for three two-member partnerships, each of which had filed returns for the specified periods declaring an aggregate amount of wagers substantially less than the amount charged by the government for the alleged six-man partnership.

Eight grounds for reversal are asserted.[1] At the oral argument on ap-

---

[1]. The eight grounds are:

I There was no proof that the appellants as a single partnership were engaged in the business of accepting wagers and no proof of the amount of receipts.

II The search warrant and arrest warrants were issued without probable cause and were used to discover evidentiary material.

III The arrest of Harold Bonta without an arrest warrant was illegal and tainted all the evidence seized.

IV The Trial Court's refusal to allow defense counsel to cross-examine a gov-

peal, appellant also urged another ground relating to sufficiency of proof: that there was insufficient proof to permit a finding that the alleged six-man partnership failed to file a return for the periods involved. This issue is properly before us on defendants' motion for acquittal. Rule 29, Fed.R.Crim.P. Even without a motion for acquittal, in a nonjury trial, on a plea of not guilty, the sufficiency of the evidence to sustain a conviction should be reviewed as if there had been a formal motion for judgment of acquittal. Hall v. U. S., 286 F.2d 676 (5th Cir. 1960), cert. den. 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961).

Because we find that the evidence of non-filing by the alleged six-member partnership is insufficient to support a conviction, it is unnecessary to consider the other claims of error.[2]

A brief recital of the undisputed facts will present the issue more clearly.

Sam Rappaport and Ted Maison registered as partners and obtained a wagering stamp as the "M & R" Company. John Besase and George Besase did likewise as the "Star Company", and Sam Besase and Angelo Perna registered as a nameless partnership. Under these registrations, all of which were filed July 3, 1963, each of the separate partnerships filed monthly wagering excise tax returns with corresponding payments purporting to amount to the ten percent tax on the gross dollar amount of wagers accepted by each partnership. The government alleged that these three partnerships were merely facades behind which an actual six-man partnership functioned and accepted substantially more in wagers than the aggregate amount reported in the three separate partnership returns. It requires little imagination to understand the purpose of this scheme, if it existed as the government undertook to prove, because the wagering activity of the individual members would be regarded by Internal Revenue agents as being conducted pursuant to the occupational stamps which had been issued to the three two-member partnerships.

It thus became incumbent on the government to prove the existence of the six-member partnership and its filing of false and fraudulent returns. In order to prove the second contention, it had to prove (1) that the six-man partnership caused to be filed the three two-member partnership returns (a requirement the sufficiency of proof whereof neither appellants nor appellees argued), (2) that these returns falsely and fraudulently reported the amount of wagers accepted by the six-member partnership, and (3) that the six-member partnership did not file a proper return for such an entity.

On oral argument counsel agreed that the only evidence on the failure of the alleged six-member partnership to file a

---

ernment witness, John Spencer, on his tax difficulties for impeachment purposes was reversible error.

V Appellants' registration under the Occupational Tax Law violated their rights against self-incrimination and furnished investigatory leads, thus tainting all of the Government's evidence.

VI The refusal of the Trial Judge to order the production of the diary of Special Agent Dingess after he testified for the Government, violated the appellants' rights under the Jencks Act; these rights were also violated as shown by the testimony of Special Agents Oar and Michael, who contended their original notes has been destroyed or lost after memos had been made from their original notes.

VII The Trial Judge's overruling objections by defense counsel to the prosecutor's comments on failure of defendants to testify indicated the Court's willingness to draw inferences which was a violation of appellants' constitutional rights.

VIII Defendants' Motion for a New Trial should have been granted on the grounds of newly discovered evidence of (a) a libel action against betting slips wherein the Government prevailed on its claim that they were used by Harold Bonta in carrying on a wagering business and (b) a telephone conversation between one appellant and his accountant showing wiretapping by a Government agent.

2. Our disposition also renders it unnecessary to rule on appellants' motion to require the government to disclose whether or not it has made use of electronic surveillance devices in prosecuting the case.

return was the testimony of one John F. Lucic, an employee of the Internal Revenue Service, and government's exhibits numbered 49, 50, and 51 which were offered in evidence.

We reproduce the testimony of Mr. Lucic.[3]

Q. (By Mr. Mattimoe) I am showing you what has been marked Government Exhibits 49, 50 and 51, Mr. Lucic. Did you produce those documents this morning at our request?

A. I did.

Q. What are those documents?

A. This is a Certificate of Assessments and Payments, which is a document that is produced certifying the original documents in the name of the taxpayer, as requested, at that address, and concerns certain particular taxes for certain periods, and covers those returns filed with the northern 47 counties of the District of Ohio. This covers the Cleveland District only, no other district.

Q. Who signed them?

A. F. S. Thurber signed them, the District Director.

Q. How is the information on those forms compiled?

A. These are compiled from the original returns or documents, subsequent posting documents in the event there are payments, by a certification clerk.

Q. And in the case of these three documents, under whose supervision or direction was this done?

A. This was done under my direction.

Q. Do those certificates reflect all of the returns that were filed in the case of each of the taxpayers?

A. For this particular—

MR. LYNCH: (Interposing) Objection, your Honor. The question says "all the returns of the taxpayer." We don't know who the taxpayers are. It encompasses a broad area, and it hasn't been brought out as to how he knows about "all returns."

Q. (By Mr. Mattimoe) Taking Exhibit 49, who is the taxpayer?

A. This is a Form 899, Certificate of Assessments and Payments, in the names of Sam Rappaport and Ted Maison, the M & R Company, address 4555½ Monroe Street, Toledo, Ohio, and it covers the tax on wagering, covering the period from January through November, 1963.

\* \* \* \* \* \*

Q. (By Mr. Mattimoe) Do you recall my question?

THE COURT: Let the Reporter read the question

(THEREUPON, the question referred to was read by the Reporter as follows:

"Q. Does that certificate reflect all of the wagering tax returns which were filed by the taxpayers within this District and within those times you have recited?")

A. It does.

MR. FRIEDMAN: May we have a continuing objection to this, if the Court please?

THE COURT: You may.

Q. And does it likewise reflect all the payments which were made by those particular taxpayers, between those dates you have stated the certificate covers, and made within the Northern Internal Revenue District of Ohio?

A. On those tax returns, yes.

Q. All right. Let us go to Government Exhibit 50. Who is the taxpayer for whom the certificate known as Government Exhibit 50 was made?

MR. GIBSON: May the record show that we object to this compilation in behalf of George Besase and John Besase.

THE COURT: The record may show your objection.

MR. MATTIMOE: Does the Court want to see these forms?

---

3. The exhibits are reproduced as an appendix to this opinion.

THE COURT: Not at this time.

Q. (By Mr. Mattimoe) Who is the taxpayer on Government Exhibit 50?

A. May I make a clarification here? This has two pages, this exhibit.

Q. It is a two-page exhibit, I believe, yes.

A. The first Certificate of Assessments and Payments covers the taxpayers John, George and Joseph Besase, the Star Company, and is for tax on wagering. It covers the month of January through June, 1963.

Q. And the second page?

A. The second page is the certificate covering the taxpayers John and George Besase, the Star Company, tax on wagering, covering the period July through November, 1963.

Q. Does that certificate, Government Exhibit 50, reflect all of the returns which were filed and all of the payments which were made for those taxpayers you have named from January, 1963, through November, 1963, within the Northern Internal Revenue District of Ohio?

A. On wagering, yes.

Q. On wagering, yes. And Government Exhibit 51, who are the taxpayers for whom it covers?

A. Government Exhibit 51 covers Sam Besase and Angelo Perna, tax on wagering, covering the period from January through November, 1963.

Q. And does that Government Exhibit 51 reflect all of the wagering tax returns which were filed—

MR. LYNCH: (Interposing) I object to this.

Q. May I finish the question? (Continuing)—and all of the payments made on wagering tax returns filed by those taxpayers from January, 1963, through November, 1963?

MR. LYNCH: I object to the question. It is leading, not one justified by the exhibit. The exhibit simply is a marked certificate of payments for those months, and there is no statement on there that this represents all of the tax returns.

MR. MATTIMOE: That is why I asked the witness the question.

MR. LYNCH: There has been no showing he knows that, that it is within his knowledge, or that he prepared all of these forms himself.

MR. MATTIMOE: Yes. The witness has testified that—

THE COURT: (Interposing) He testified it was prepared under his direction, as I recall.

MR. LYNCH: Yes, Your Honor, but I object to this now and I will object when it is offered in evidence. It appears to be hearsay evidence. The person who actually prepared it would be the person to ask about it.

MR. MATTIMOE: This is a basic exception to the hearsay rule.

THE COURT: I will overrule the objection at this time.

Q. Can you answer the question?

A. Yes, it does. * * *

It is evident that Mr. Lucic did not personally prepare the exhibits and there is no evidence that he personally made a search of all the records filed in the Cleveland, Ohio District Office.

The records, exhibits 49, 50, and 51, are insufficient to prove non-filing by a six-member partnership. On their face they purport to be only a transcript of the returns of the "Taxpayer named above." The taxpayers named in each instance in the exhibits are respectively Sam Rappaport and Ted Maison, M & R Co.; John and George Besase, The Star Co.; and Sam Besase and Angelo Perna. None of the exhibits purports to be a transcript of the returns of a six-member partnership composed of all six defendants. None fulfills the function of the type of exhibit permitted as proof of the absence of records by Rule 44(b), Fed.R.Civ.P. which provides:

A written statement signed by an officer having the custody of an official record or by his deputy that after diligent search no record or entry of a specified tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of

his office contain no such record or entry.

This rule is made applicable to criminal trials by Rule 27, Fed.R.Crim.P.

Accordingly, although the admission of the exhibits did not violate the hearsay rule, they failed to afford proof of an indispensable element of the government's case, the fact that the alleged six-man partnership did not file a proper return. There being no other evidence to support this finding, the motion for acquittal should have been granted.

The convictions below are reversed and the case is remanded for entry of an appropriate order.

## APPENDIX

### CERTIFICATE OF ASSESSMENTS AND PAYMENTS

NAME OF TAXPAYER: Sam Rappaport & Ted Maison M & R CO.
ADDRESS (Number, street, city, and State): 4555½ Monroe Street, Toledo, Ohio
CLASS OF TAX: Tax on Wagering
DATE OF REQUEST: 9-9-65

| TAXABLE PERIOD (a) | ACCOUNT NUMBER (b) | RECEIVED OR SCHEDULED DATE (c) | DESCRIPTION (d) | LIABILITY AND (ABATEMENT) (e) | PAYMENTS AND CREDITS APPLIED (f) | BALANCE (g) | REFUNDS AND CREDITS ALLOWED (h) | SUPPLEMENTAL INFORMATION (i) |
|---|---|---|---|---|---|---|---|---|
| Jan. 1963 | 63-2-357030 | 2-13-63 | Tax & Payment | 183.31 | 183.31 | -0- | | |
| Feb. 1963 | 63-3-357051 | 3-21-63 | Tax & Payment | 157.36 | 157.36 | -0- | | |
| Mar. 1963 | 63-5-357005 | 5-2-63 | Tax & Payment | 95.77 | 95.77 | -0- | | |
| Apr. 1963 | * | | | | | | | *Unnumbered Non-Taxable Return received. |
| May, 1963 | 63-7-372001 | 7-3-63 | Tax & Payment | 102.22 | 102.22 | -0- | | |
| Jun. 1963 | 63-8-357007 | 8-2-63 | Tax & Payment | 150.11 | 150.11 | -0- | | |
| July 1963 | 63-9-357002 | 9-3-63 | Tax & Payment | 177.09 | 177.09 | -0- | | |
| Aug. 1963 | 63-10-357012 | 10-1-63 | Tax & Payment | 172.94 | 172.94 | -0- | | |
| Sept 1963 | 63-11-357000 | 11-1-63 | Tax & Payment | 167.73 | 167.73 | -0- | | |
| Oct. 1963 | 63-12-357002 | 12-3-63 | Tax & Payment | 162.41 | 162.41 | -0- | | |
| Nov. 1963 | * | | | | | | | *Unnumbered Non-Taxable Return received. |

Case No. 64-18 criminal
GOVERNMENT'S EXHIBIT
No.....

I certify that the foregoing transcript of the account of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, payments, penalties, interest, abatements, credits, and refunds relating thereto as disclosed by the records of this office are shown therein.

SIGNATURE OF DISTRICT DIRECTOR
LOCATION: Cleveland, Ohio
DATE: 9/13/65 WR:erc

FORM 899 (REV. 6-62)

Over

## CERTIFICATE OF ASSESSMENTS AND PAYMENTS

**NAME OF TAXPAYER** John & George Besase STAR COMPANY

**ADDRESS** (Number, street, city, and State) 5519 West Rowland Street - Toledo, Ohio

**CLASS OF TAX** Tax on Wagering

**DATE OF REQUEST** 9/9/65

| TAXABLE PERIOD (a) | ACCOUNT NUMBER (b) | RECEIVED OR SCHEDULED DATE (c) | DESCRIPTION (d) | LIABILITY AND (ABATEMENT) (e) | PAYMENTS AND CREDITS APPLIED (f) | BALANCE (g) | REFUNDS AND CREDITS ALLOWED (h) | SUPPLEMENTAL INFORMATION (i) |
|---|---|---|---|---|---|---|---|---|
| July 1963 | 63-9 372000 | 9/10/63 | Tax & Payment | 270.38 | 270.38 | - 0 - | | |
| Aug. 1963 | 63-10 372004 | 10/8/63 | Tax & Payment | 302.96 | 302.96 | - 0 - | | |
| Sept. 1963 | 63-11 357005 | 11/14/63 | Tax & Payment | 314.96 | 314.96 | - 0 - | | |
| Oct. 1963 | 63-12 357041 | 12/12/63 | Tax & Payment | 273.92 | 273.92 | - 0 - | | |
| Nov. 1963 | * | | | | | | | * Unnumbered Non-Taxable Form 730 Received |
| | | | | | | | | |
| | | | | | | | | |

Case No. 64-18 Criminal

GOVERNMENT'S EXHIBIT 50

No.

I certify that the foregoing transcript of the account of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, payments, penalties, interest, abatements, credits, and refunds relating thereto as disclosed by the records of this office are shown therein.

**SIGNATURE OF DISTRICT DIRECTOR**

**LOCATION** Cleveland, Ohio

**DATE** 9/13/65   WR:1f

FORM 899 (REV. 6-62)

Over

## CERTIFICATE OF ASSESSMENTS AND PAYMENTS

**NAME OF TAXPAYER:** John, George & Joseph Besase — STAR COMPANY

**ADDRESS (Number, street, city, and State):** 5519 West Rowland Street - Toledo, Ohio

**CLASS OF TAX:** Tax on Wagering

**DATE OF REQUEST:** 9/9/65

| TAXABLE PERIOD (a) | ACCOUNT NUMBER (b) | RECEIVED OR SCHEDULED DATE (c) | DESCRIPTION (d) | LIABILITY AND (ABATEMENT) (e) | PAYMENTS AND CREDITS APPLIED (f) | BALANCE (g) | REFUNDS AND CREDITS ALLOWED (h) | SUPPLEMENTAL INFORMATION (i) |
|---|---|---|---|---|---|---|---|---|
| Jan. 1963 | 63-2-357065 | 2/27/63 | Tax & Payment | 350.58 | 350.58 | - 0 - | | |
| Feb. 1963 | 63-4 356023 | 4/5/63 | Tax & Payment | 288.34 | 288.34 | - 0 - | | |
| Mar. 1963 | 63-5 357035 | 5/8/63 | Tax & Payment | 173.27 | 173.27 | - 0 - | | |
| Apr. 1963 | * | | | | | | | * Unnumbered Non-Taxable Form 730 Received. |
| May 1963 | 63-7 357017 | 7/10/63 | Tax & Payment | 223.98 | 223.98 | - 0 - | | |
| Jun 1963 | 63-8 357014 | 8/9/63 | Tax & Payment | 264.31 | 264.31 | - 0 - | | |

I certify that the foregoing transcript of the account of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, payments, penalties, interest, abatements, credits, and refunds relating thereto as disclosed by the records of this office are shown therein.

**SIGNATURE OF DISTRICT DIRECTOR**

**LOCATION:** Cleveland, Ohio

**DATE:** 9/13/65   WR:1f

FORM 899 (REV. 6-62)

Over

## CERTIFICATE OF ASSESSMENTS AND PAYMENTS

**NAME OF TAXPAYER:** Sam Besase and Angelo Perna
**ADDRESS (Number, street, city, and State):** 5519 Rowland Street - Toledo, Ohio
**CLASS OF TAX:** Tax on Wagering
**DATE OF REQUEST:** 9-9-65

| TAXABLE PERIOD (a) | ACCOUNT NUMBER (b) | RECEIVED OR SCHEDULED DATE (c) | DESCRIPTION (d) | LIABILITY AND (ABATEMENT) (e) | PAYMENTS AND CREDITS APPLIED (f) | BALANCE (g) | REFUNDS AND CREDITS ALLOWED (h) | SUPPLEMENTAL INFORMATION (i) |
|---|---|---|---|---|---|---|---|---|
| Jan. 1963 | 63-2-357064 | 2-27-63 | Tax & Payment | 258.07 | 258.07 | -0- | | |
| Feb. 1963 | 63-4-357024 | 4-5-63 | Tax & Payment | 214.12 | 214.12 | -0- | | |
| Mar. 1963 | 63-5-357032 | 5-8-63 | Tax & Payment | 112.68 | 112.68 | -0- | | *Unnumbered Non-Taxable Form 730 Rec'd |
| Apr. 1963 | * | | | | | | | |
| May 1963 | 63-7-357016 | 7-10-63 | Tax & Payment | 108.39 | 108.39 | -0- | | |
| June 1963 | 63-8-357015 | 8-9-63 | Tax & Payment | 159.22 | 159.22 | -0- | | |
| July 1963 | 63-9-357049 | 9-11-63 | Tax & Payment | 204.43 | 204.43 | -0- | | |
| Aug. 1963 | 63-10-357024 | 10-10-63 | Tax & Payment | 209.53 | 209.53 | -0- | | |
| Sept. 1963 | 63-11-357016 | 11-14-63 | Tax & Payment | 198.88 | 198.88 | -0- | | |
| Oct. 1963 | 63-12-357042 | 12-12-63 | Tax & Payment | 173.57 | 173.57 | -0- | | |
| Nov. 1963 | * | | | | | | | *Unnumbered Non-Taxable Form 730 Rec'd |

Criminal

Case No.

GOVERNMENT'S EXHIBIT

64-18

No.

I certify that the foregoing transcript of the account of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, payments, penalties, interest, abatements, credits, and refunds relating thereto as disclosed by the records of this office are shown therein.

**SIGNATURE OF DISTRICT DIRECTOR**

**LOCATION:** Cleveland, Ohio

**DATE:** 9-13-65:WR:ls

Over

FORM 899 (REV. 6-62)