**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Wesley BREWER, Defendant-**
**Appellant.**

**No. 73–1102.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted June 20, 1973.

Decided July 27, 1973.

Rehearing Denied Aug. 17, 1973.

John Baum, Oklahoma City, Okl. (Joe Roselle, Oklahoma City, Okl., on the brief), for defendant-appellant.

O. B. Johnston III, Asst. U. S. Atty. (G. Phil Harney, Atty., Chief Counsel Office, Internal Revenue Service, and William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Before SETH, JONES,* and DOYLE, United States Circuit Judges.

DOYLE, Circuit Judge.

Defendant-appellant has here appealed his convictions on charges of failure to file income tax returns for the years 1967, 1968, 1969 and 1970 contrary to 26 U.S.C. 7203.

His contentions are:

First, that the trial court erred in overruling his motion to suppress.

Second, that the verdict is not supported by sufficient evidence on the issue of his place of residence.

Third, that the district court lacked both jurisdiction and venue.

Fourth, that the instruction on venue and jurisdiction was erroneous.

Fifth, that the evidence was particularly insufficient as to Count four.

Virtually all of the defendant's contentions revolve around the trial court's ruling that the statements of defendant-appellant to the special Internal Revenue agent were admissible. Defendant maintains that his constitutional rights were violated because of the inadequacy of the warning given by the agent pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1968).

I.

■ The interview in question was conducted at the Federal Courthouse in Miami, Florida on August 12, 1970. Before the interview the agent advised defendant that under the Fifth Amendment the agent could not compel defendant to answer any questions or furnish any information if such answers or information tended to incriminate him. Defendant was also told that any statements or information provided could be used against him in a criminal proceeding. He was also told that he was entitled to the assistance of counsel, but he was not told that he could have an attorney appointed to represent him if an attorney could not be obtained. It was this latter deficiency which is stressed as the factor which rendered the statements inadmissible. The trial court denied the motion to suppress the statements on the basis that the defendant was not in custody and, therefore, a *Miranda* warning was not required.

The facts are that prior to the interview with the defendant in Miami, the agent had tried to interview him in Oklahoma City. The defendant had actually insisted that the meeting be in Florida on the basis that he had two attorneys in Miami who could be present. The agent agreed to the Florida interview and also agreed to the defendant's condition that he reserved the right to invoke his constitutional rights and decline to answer any question on the basis that he desired to confer with counsel before answering. Admittedly the defendant was free to leave at any time during the interview.

The circumstances here present no violation of the doctrine of Miranda v. Arizona, *supra*. We are not dealing with a case in which a person has been the victim of coercive surrounding conditions and atmosphere. Instead the defendant fixed the terms and conditions of the interview and stated that he had counsel available and would reserve his answers until he had consulted his lawyers. Since he had lawyers, and since his right to consult them was conceded, we see no necessity for the agent's warning him as to his right to have counsel appointed. *See* Miranda v. Arizona, *supra*,

* Of the Fifth Circuit, sitting by designation.

at 473, 86 S.Ct. 1602 n. 43; United States v. Merrick, 464 F.2d 1087, 1091 (10th Cir. 1972); United States v. Montos, 421 F.2d 215, 223 (5th Cir.), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970); United States v. Messina, 388 F.2d 393, 395 (2d Cir.), cert. denied, 390 U.S. 1026, 88 S.Ct. 1413, 20 L.Ed.2d 283 (1968).

## II.

■ Next we consider the point that the evidence is insufficient to establish that defendant's legal residence was 2204 Southwest 71st Street, Oklahoma City, Oklahoma, the place where his wife and children resided. Ordinarily criminal prosecutions must be brought in the district in which the offense was committed, and federal income tax returns must, by statute, be filed in the place of legal residence of the taxpayer or at a service center serving that district, 26 U.S.C. § 6091(b)(1)(A)(i) and (ii), or the principal place of business of the taxpayer. The prosecution must then establish beyond a reasonable doubt that the defendant's residence in this, a tax case, was Oklahoma City. This is essential to establish jurisdiction and venue. United States v. Gorman, 393 F.2d 209, 213–214 (7th Cir.); cert. denied, 393 U.S. 832, 89 S.Ct. 102, 21 L.Ed.2d 103 (1968); Yarborough v. United States, 230 F.2d 56, 58–59 (4th Cir.), cert. denied, 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); Bowles v. United States, 73 F.2d 772, 773–774 (4th Cir. 1934), cert. denied, 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed. 1245 (1935); United States v. Commerford, 64 F.2d 28, 32–33 (2d Cir.), cert. denied, 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed. 1502 (1933). See also United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1915); Weaver v. United States, 298 F.2d 496 (5th Cir. 1962).

The term "residence" has been equated with domicile. See Pietro Crespi, 44 B.T.A. 670, 674 (1941); Samuel W. Weis, 30 B.T.A. 478, 486 (1934); L. B. Peeples, 27 B.T.A. 879, 882 (1933); Gates v. Commissioner, 199 F.2d 291 (10th Cir. 1952). This requires residence and intention to remain, and intention is a highly important element. See Gates v. Commissioner, supra. Here the prosecution relied upon the defendant's statements in which he gave his Oklahoma City address as his permanent one. He made this statement in a deposition to the Securities and Exchange Commission in 1968 and also to the Miami Police in the course of a homicide investigation, and he gave it to the magistrate on the occasion of his appearance in this case. He, together with his wife, owns the property at the Oklahoma City address. Admittedly the defendant was not shown to have resided in Oklahoma City on a continuous basis. He did visit there on occasion. He was also shown to have owned a house in Florida where he conducted his business. From a review of the conflicts in the evidence, it was open to the jury to determine that his residence was indeed in Oklahoma City. See District of Columbia v. Murphy, 314 U.S. 441, 455–458, 62 S.Ct. 303, 86 L.Ed. 329 (1941). We must view the evidence now in a light most favorable to the government. See United States v. Yates, 470 F.2d 968, 970 (10th Cir. 1972).

We have examined the trial court's jury instruction on this subject and find that it is adequate.

## III.

■ The final point which deserves some comment is the defendant's contention that the evidence was insufficient to establish that he was required to file a return in the year 1970. The only evidence which was offered to establish that defendant had sufficient income to require the filing of a return was the sale of 2,000 shares of Control Metals Corporation stock and receipt of $17,000 for it plus the distribution of these proceeds, but this does not establish anything more than the fact that the defendant was a person of some means. It fell short of establishing that any part of these proceeds constituted income. It was a capital transaction. Therefore,

**510**

judging the evidence in a light most favorable to the government, we conclude that it was insufficient. *See* United States v. Schwartz, 390 F.2d 1 (3d Cir. 1968); United States v. Besase, 373 F.2d 120 (6th Cir. 1967); United States v. Fenwick, 177 F.2d 488 (7th Cir. 1949). *Cf.* Holland v. United States, 348 U.S. 121, 137–139, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

The judgment is generally affirmed, but is reversed as to the conviction on count four. The cause is remanded to the trial court with instructions that this count be dismissed. The case is also remanded to the trial court for reconsideration of the sentence imposed in light of the court's decision in respect to count 4.