**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rex S. TAYLOR, Defendant-Appellant.**

**No. 85–2421.**

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 1987.

**631**

William A. Cohan, Cohan & Stahl, P.C., Denver, Colo., for defendant-appellant.

Thomas M. O'Rourke, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., was also on the brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and TIMBERS* and ANDERSON, Circuit Judges.

* The Honorable William H. Timbers, United States Circuit Judge of the Second Circuit, sitting by designation.

1. In his closing argument, defense counsel also conceded that the defendant was under a legal obligation to file a tax return for the 1979 and 1980 calendar years. V R. 373. However, the defendant insisted in his testimony at trial that he was still not "fully persuaded" that he was

HOLLOWAY, Chief Judge.

Defendant Taylor was charged by information in two counts of willfully failing to file federal income tax returns for the years 1979 and 1980. 26 U.S.C. § 7203 (1982). At trial the defendant testified that he had failed to file a tax return for both years.[1] However, the defendant strenuously argued that he did not file the returns because of a sincere belief at the relevant times that there was no legal obligation to do so.[2] In addition, the defendant presented evidence that he had resided in Missouri in 1979 and 1980, rather than Colorado. Thus, the defendant argued that venue in the District of Colorado was improper and that he was not required to file a tax return in the Internal Revenue Service's district office in Colorado or its service center in Ogden, Utah, as alleged in the information.

The jury found the defendant not guilty on the first count (1979) but guilty on the second count (1980). Judgment was entered and this appeal followed, with the defendant now arguing: (1) the trial court erroneously instructed the jury that the Government had the burden of proving the defendant's legal residence in Colorado by a preponderance of the evidence, rather than beyond a reasonable doubt; and (2) the trial court erroneously refused to give a supplemental instruction after receiving a note sent by the jury foreman during deliberations which requested a further instruction on the legal requirements for residence in Colorado. We affirm.

**I**

Between 1979 and 1980 defendant Taylor sold trust packages, promoted a book about tax matters, and represented taxpayers in audits conducted by the IRS. In 1980, the defendant earned approximately $26,744.63

required to file tax returns for the years 1979 and 1980. IV R. 321.

2. Roy Webley also testified that the defendant had expressed an opinion that wages were not taxable income. III R. 177. In addition, Lyn Bellmyer testified that the defendant had said that he was not required to pay income taxes. III R. 81.

from these activities. This gross income obligated the defendant to file a federal tax return, but he admittedly failed to do so in any IRS district office or service center. According to the defendant, in 1980 he resided in Missouri, not Colorado. The defendant thus contended that venue in the District of Colorado was improper and that he was required to file his tax return in Kansas City, Missouri, or Austin, Texas, rather than Denver, Colorado, or Ogden, Utah, as alleged in the information.

The evidence was in conflict regarding defendant's legal residence during 1980. In Missouri, the defendant opened various bank accounts, and paid rentals and utilities for a home. However, the Government presented evidence that in 1980 the defendant attended a church in Denver, Colorado, and maintained a home in Littleton, Colorado. His February 23, 1980, marriage license, as signed by the clergyman, showed "Mr. Rex S. (Barry) Taylor of Englewood, Colorado, and Ms. Mary Louise Strum of Tulsa, Oklahoma." Government Exhibit 48; IV R. 334. Defendant said this was "the office address." *Id.* According to the defendant, he considered moving to Colorado, but decided to rent a home in the Denver area for one month because of the expense of staying at hotels. He also admitted getting a Colorado license for his automobile, but insisted that such action "had no bearing on [his] consideration of establishing a residence in Colorado." IV R. 315, 330. The defendant insisted that he had never abandoned his legal residence in the State of Missouri. IV R. 315–16.

At trial, the defendant proposed various instructions on the determination of a taxpayer's legal residence,[3] including the following definition which was adopted by the trial judge in his charge to the jury: "Legal residence means the permanent, fixed place of abode which one intends to be his residence, and to return to despite temporary residence elsewhere or absences." V R. 388; *see* Appellant's Opening Brief at Exhibit A–5 (defendant's proposed instruction). For the determination of venue, the defendant proposed an instruction that "unlike other elements of a crime which must be proved beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence." Appellant's Opening Brief at Exhibit A–7. The court instructed the jury that the Government had the burden of proving by a preponderance of the evidence that the defendant's legal residence or principal place of business was in Colorado during the 1979 and 1980 calendar years. V R. 388–89.

During deliberations, the jury foreman sent the judge a note, which read: "Could we have what the legal requirements are to establish residency in the State of Colorado...." V R. 400. After considerable discussion with counsel for both sides, the trial judge declined to answer the question. Defense counsel objected, arguing that the court should have given the jury a supplemental instruction that the defendant was guilty only if he moved to Colorado with the intent to reside there indefinitely and to permanently abandon his residence in Missouri. V R. 402. Defense counsel also contended that the court should have read

---

**3.** The defendant's other proposed instructions on the determination of a person's legal residence were as follows:

The residence of a person is the principal or primary home or place of abode of a person. A principal or primary home or place of abode is that home or place in which a person's habitation is fixed and to which he, whenever absent, has the present intention of returning after a departure or absence therefrom, regardless of the duration of such absence. A residence is a permanent building, or part thereof, including a house, condominium, apartment, room in a house, or mobile home. No vacant lot shall be considered a residence.

A person shall not be considered to have gained a residence in this state, or in any county or municipality in this state, while retaining his home or domicile elsewhere.

. . . .

A person may have only one legal residence at a time. Once a person establishes a legal residence, that residence persists until a new residence is acquired by the abandonment of the old residence. Such abandonment is accomplished by moving to the new state of residence with the intention to reside indefinitely or permanently in that state. A person does not establish a new residence during temporary absences or residences elsewhere if he intends to return to his original residence. Appellant's Opening Brief at Exhibits A–2 & A–4.

to the jury various Colorado statutes defining residence for such purposes as determining eligibility to vote or attend the state university as an in-state resident. V R. 403–04. The court rejected these requests, concluding that defense counsel's proposed answer to the foreman's note was confusing and that the instructions already given provided sufficient guidance for the jury in determining the state of the defendant's residence.

## II

### Burden of proof on venue

In his reply brief, defense counsel argues for the first time that the court erred in instructing the jury that the Government bore the burden of proving legal residence in Colorado by a preponderance of the evidence. Defense counsel now argues that the court should have required proof beyond a reasonable doubt, relying on *United States v. Brewer*, 486 F.2d 507, 509 (10th Cir.1973), *cert. denied*, 415 U.S. 913, 94 S.Ct. 1407, 39 L.Ed.2d 467 (1974).

■ The trial judge indeed could not be faulted if the instruction had been error. As noted, defense counsel proposed the following instruction: "Proof of venue is an essential element of the Government's case. It may be established by direct or circumstantial evidence. Furthermore, unlike other elements of a crime which must be proved beyond a reasonable doubt, *venue need only be proved by a preponderance of the evidence.*" Appellant's Opening Brief at Exhibit A–7 (emphasis added). It is fundamental that "[a] defendant cannot complain of error which he invited upon himself." *United States v. Riebold*, 557 F.2d 697, 708 (10th Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133

(1977); *see also United States v. Irwin*, 654 F.2d 671, 676–77 (10th Cir.1981), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982). Under this general rule, defendant is not entitled to complain about this instruction.

■ We will, however, address the issue because of an apparent conflict in our decisions and the importance of the issue. In *Brewer* we stated that the prosecution must establish defendant's residence "beyond a reasonable doubt." 486 F.2d at 509. Two opinions of our court since *Brewer* state that the Government bears the burden of proving venue by a preponderance of the evidence. *United States v. Rinke*, 778 F.2d 581, 584 (10th Cir.1985); *Wilkett v. United States*, 655 F.2d 1007, 1011 (10th Cir.1981), *cert. denied*, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). We are convinced that these later opinions state the proper rule to be followed and are in conformity with several rulings in other circuits.[4]

■ As the defendant notes, a panel is not authorized to overrule a prior decision of a court of appeals. We are authorized, however, by the full court and the concurrence of all its active judges to state that insofar as *United States v. Brewer, supra,* held that venue must be proved by the Government beyond a reasonable doubt, that opinion is overruled. The full court will follow instead the test laid down in *United States v. Rinke, supra,* and *Wilkett v. United States, supra,* that the Government bears the burden of proving venue by a preponderance of the evidence.

For these reasons the instruction given by the trial judge on the burden of proof was not in error.

**4.** *United States v. Hall*, 691 F.2d 48, 50 (1st Cir.1982); *United States v. Leong*, 536 F.2d 993, 996 (2d Cir.), *cert. denied*, 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 293 (1976); *United States v. Griley*, 814 F.2d 967, 973 (4th Cir.1987); *United States v. Parrish*, 736 F.2d 152, 158 (5th Cir.1984) (per curiam); *United States v. Lewis*, 797 F.2d 358, 366 (7th Cir.1986); *United States v. Moeckly*, 769 F.2d 453, 460 (8th Cir.1985); *cert. denied*, ___ U.S. ___, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986); *United States v. Durades*, 607 F.2d 818, 820 n. 1 (9th Cir.1979); *United States v. Shearer*, 794 F.2d 1545, 1551 (11th Cir.1986); *see also United States v. Charlton*, 372 F.2d 663, 665 (6th Cir.) (noting that "by the great weight of authority, venue is a fact which need be proved only by a preponderance of the evidence"), *cert. denied*, 387 U.S. 936, 87 S.Ct. 2062, 18 L.Ed.2d 999 (1967). We note that the Third Circuit expressly declined to address this issue in *United States v. Passodelis*, 615 F.2d 975, 977 n. 4 (3d Cir.1980).

## III

### Necessity of a supplemental instruction on the requirements for legal residence in Colorado

The defendant's primary contention, however, is that the trial court erred in refusing to answer the question submitted by the jury foreman during deliberations. As noted, the note asked the trial judge "what the legal requirements are to establish residency in the State of Colorado...." V R. 400. Defense counsel objected to the court's refusal to answer the question, arguing that it should have instructed the jury that a finding that defendant's legal residence was in Colorado required proof that the he "moved to Colorado intending to reside indefinitely in Colorado, and to permanently abandon his residence in the State of Missouri;" and that the court should have explained to the jury how the Colorado statutes define residence for various purposes, such as eligibility to attend the state university as an in-state resident or to vote in Colorado elections.[5] V R. 402, 404–05. The court rejected these requests, concluding that the instruction already given was sufficient to define legal residence and that discussion of other statutory definitions of residence would confuse the jury because they are not uniform. V R. 405–06.

■ We find no error in the trial judge's refusal to give the additional instructions covering the Colorado statutes and legal residency requirements of the State. The

requirement concerning the place of filing of the individual income tax returns is provided in 26 U.S.C.A. § 6091(b)(1)(A) for persons other than corporations. It prescribes the place of filing as "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return...." The federal statute and regulations lay down the rule as a matter of federal law, and the State statutory provisions relied on by defendant are not controlling. Pursuant to this statutory provision an instruction of the same sort was approved in *United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir.1978) (" 'legal residence' means the permanent fixed place of abode which one intends to be his residence and to return to it despite temporary residences elsewhere, or absences."). This form of instruction was followed by the trial judge here who stated that "[l]egal residence means the permanent fixed place of abode which one intends to be his residence, and to return to despite temporary residences elsewhere or absences." V R. 388. We are not persuaded that there was any error in the instruction of the trial judge on this matter of federal law.

■ Likewise we feel there was no error in the trial judge's refusal to give a supplemental instruction. The charge had already covered the test on legal residence clearly. Since the closing instruction was unequivocal, whether additional instructions should have been given was within the trial court's discretion. *United States*

---

5. Specifically, defense counsel tendered Colo. Rev.Stat. § 1–2–102(a)–(c) (1980 & 1986 supp.) as a proposed supplemental instruction on "how [the jury] was to determine whether the Defendant has established a legal residence." V R. 407–08. Subsections (a) through (c) provide as follows:

**Rules for determining residence.** (1) The following rules shall be used to determine the residence of a person offering to register or to vote in any precinct in this state and shall be used by judges of election in challenge procedures:

(a) The residence of a person is the principal or primary home or place of abode of a person. A principal or primary home or place of abode is that home or place in which a person's habitation is fixed and to which he, whenever absent, has the present intention of returning after a departure or absence there-

from, regardless of the duration of such absence. A residence is a permanent building, or part thereof, including a house, condominium, apartment, room in a house, or mobile home. No vacant lot shall be considered a residence.

(b) In determining what is the principal or primary place of abode of a person, the following circumstances relating to such person may be taken into account: Business pursuits, employment, income sources, residence for income or other tax purposes, age, marital status, residence of parents, spouse, and children, if any, leaseholds, situs of personal and real property, and motor vehicle registration.

(c) A person shall not be considered to have gained a residence in this state, or in any county or municipality in this state, while retaining his home or domicile elsewhere.

*v. Jackson,* 482 F.2d 1167, 1177 (10th Cir. 1973), *cert. denied* 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974). Unless the discretion of the trial judge was clearly abused, there are no grounds for reversal on appeal. *Whitlock v. United States,* 429 F.2d 942, 946–47 (10th Cir.1970).

In sum, we are satisfied that the trial judge did not err in the instructions given on legal residence or in refusing to give supplemental instructions.

## IV

### The claim of error in instructing on defendant's "principal place of business"

Finally, defendant claims that the trial court erred in instructing that an individual has a duty to file an income tax return in the IRS district in which is located the legal residence "or the principal place of business of the person" required to file the return or at a service center serving the IRS district where the taxpayer is required to file his return. V R. 388. The argument is made on the basis of 26 C.F.R. § 1.6091–2(a)(2), which provides that:

(2) An individual employed on a salary or commission basis who is not also engaged in conducting a commercial or professional enterprise for profit on his own account does not have a "principal place of business" within the meaning of this section.

The statute covers the place of filing of tax returns for persons other than corporations in 26 U.S.C.A. § 6091(b), stating that a return other than a corporation return shall be made to the Secretary in the internal revenue district in which is located the legal residence or principal place of business of the person making the return. Thus, under the general provisions of the statute and the regulations a person like the defendant did have both places where filing could be made. The argument directed to the portion of the regulation quoted above is applicable only if the record shows that the evidence required an instruction on the provisions of 26 C.F.R. § 1.6091–2(a)(2) because there was proof that he was employed on a salary or commission basis and not also engaged in conducting a commer-

cial or professional enterprise for profit on his own account, so that he had no "principal place of business."

The evidence here, however, was indicative only of the defendant deriving income from his sale of trust packages, promotion of books on tax matters, and representation of taxpayers in audits conducted by the IRS, as noted in Part I. These circumstances were a sufficient basis for the trial judge to instruct as he did under the general provisions of the statute and the regulations that the individual had the duty to file either in the place of his legal residence or his principal place of business. We do not agree that the evidence was insufficient for that instruction to have been given. Moreover, we do not think there was substantial evidence which could bring defendant within the provisions of 26 C.F.R. § 1.6091–2(a)(2) as an "individual employed on a salary or commission basis who is not also engaged in conducting a commercial or professional enterprise for profit on his own account." Thus no instruction under this latter regulation was needed.

AFFIRMED.