**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juanita M. DOBEY and Glenn Dobey,**
**Defendants-Appellants.**

**Nos. 84–1443, 84–1444.**

United States Court of Appeals,
Tenth Circuit.

Jan. 8, 1985.

Rehearing Denied Feb. 11, 1985.

Richard Smith, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., and Stanley K. Kotovsky, Jr., Asst. U.S. Atty., Albuquerque, N.M., with him on brief), for plaintiff-appellee.

William A. Cohan, Denver, Colo., for defendants-appellants.

Before BARRETT, BREITENSTEIN, and SEYMOUR, Circuit Judges.

BARRETT, Circuit Judge.

Glenn R. and Juanita M. Dobey, husband and wife (the Dobeys), appeal from their convictions of willful failure to file federal income tax returns for 1978 (Count I) and 1979 (Count II) in violation of 26 U.S.C. § 7203, a misdemeanor. The Dobeys were convicted after a jury trial before a United States magistrate and each sentenced to an imprisonment of one year on Count I, and placed on probation for five years and fined $2,000.00 on Count II. On appeal, the district court affirmed the judgment and sentence.

Prior to trial the Dobeys executed a consent to proceed before a United States magistrate which provided:

The United States magistrate has explained to me the nature of the offense(s) with which I am charged and the maximum possible penalties which might be imposed if I am found guilty. The magistrate has also informed me of my right to assistance of legal counsel. The magistrate has also informed me of my right to trial, judgment, and sentencing before a United States district judge.

**I HEREBY: Waive (give up) my right to trial, judgment, and sentencing before a United States district judge and I consent to trial, judgment, and sentencing before a United States magistrate.**

R., Vol. I at 1.

The Dobeys proceeded to trial before the magistrate in accordance with 28 U.S.C. § 636(a)(3) and 18 U.S.C. § 3401. 28 U.S.C. § 636(a)(3) provides:

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

\* \* \* \* \* \*

(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section.

18 U.S.C. § 3401 provides in part:

(a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.

(b) Any person charged with a misdemeanor may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a judge of the district court and that he may have a right to trial by jury before a district judge or magistrate. The magistrate shall not proceed to try the case unless the defendant, after such explanation, files a written consent to be tried before the magistrate that specifically waives trial, judgment, and sentencing by a judge of the district court.

\* \* \* \* \* \*

(f) The district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate upon the court's own motion or, for good cause shown, upon petition by the attorney for the Government. Such petition should note the novelty, importance, or complexity of the case, or other pertinent factors, and be filed in accordance with regulations promulgated by the Attorney General.

It is uncontested that the Dobeys voluntarily consented to be tried by the magistrate and that they voluntarily waived trial before the district court. The Dobeys do not contend that the magistrate failed to adhere to the provisions of 18 U.S.C. § 3401 in informing them of their right to trial before the district court. On appeal the Dobeys' sole allegation of error is that the statutes, §§ 636 and 3401, purportedly conferring criminal trial jurisdiction on the

magistrate, violate Article III of the United States Constitution. Thus, they argue, the trial court lacked jurisdiction and their convictions are void.

The Dobeys contend that neither they nor their trial counsel were aware that magistrates lacked the attributes of Article III judges; that their waiver was insufficient to bestow subject matter jurisdiction on the trial court when it lacked Article III status; and that the magistrate's jurisdiction to act as a trial judge cannot be sustained based on an adjunct rationale.

The Government responds that §§ 636 and 3401 are constitutionally valid and not in violation of Article III because the magistrate must be specifically designated by the district court to conduct a trial and a defendant must consent, in writing, to be tried before the magistrate. The constitutionality of the magistrate's designation is enhanced, according to the Government, by the fact that § 3401 also allows the district court, upon its own motion or upon petition by the Government, to remove the case from the magistrate and transfer it to the district court. Lastly, the Government argues that the Supreme Court has repeatedly recognized a defendant's prerogative to waive fundamental, constitutional rights and that "It follows, that a defendant may waive his right to trial by an Article III judge, provided the defendant has knowingly and voluntarily done so." (Brief of Appellee at 10.)

Both parties cite to *Pacemaker Diagnostic Clinic of America v. Instromedix*, 725 F.2d 537 (9th Cir.1984) U.S.App.Prdg. In *Pacemaker*, the court, sitting *en banc*, reversed an earlier three-judge opinion (712 F.2d 1305 (9th Cir.1983)), and held that the constitutional right of parties in a federal forum to have their cause determined by an Article III judge is personal to the parties and may be waived. The court there observed:

In recent cases, the Supreme Court has not had to consider the constitutional implications of consent by the parties to go before a non-Article III judge, because in none did all parties consent to such a procedure. *See, e.g., Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Palmore v. United States*, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973); *Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962). Significantly, in the Court's latest interpretation [*Northern Pipeline*] of Article III, all the Justices, although not forced to confront the issue squarely, indicated that consent is important to the constitutional analysis....

The Supreme Court has allowed criminal defendants to waive even fundamental rights: the right to be free from self incrimination, *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), the right to counsel, *Adams v. United States ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), the right to be free from unreasonable searches and seizures, *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the right to a speedy trial, *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the right to a jury trial, *Duncan v. Louisiana*, 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968), and even, by pleading guilty, the right to trial itself. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). We refuse to reach the anomalous result of forbidding waiver in a civil case of the personal right to an Article III judge.

725 F.2d at 542–43.

The *Pacemaker* court concluded that, whereas a mandatory provision for trial by magistrates rather than Article III judges would violate the constitutional rights of parties in a federal forum to have their cause determined by an Article III judge, once a party freely and voluntarily consents to proceed to trial before a magistrate and waives his constitutional right to have his cause determined by an Article III

judge, the party's consent overcomes any constitutional objections.

Similarly in *Collins v. Foreman,* 729 F.2d 108 (2nd Cir.1984), the court held that the statutes (§§ 646 and 3401) authorizing magistrates to try civil cases and enter final judgment upon consent of the parties did not violate Article III's prohibition of delegation of judicial power because § 3401 required that the magistrate be specifically designated to exercise such jurisdiction by the district court whereby the appointment and removal of the magistrate was entrusted to the district court. Within *Collins* the court also recognized the inherent right of a litigant to waive his right to trial before an Article III judge:

> We find that to the extent that litigants may have a due process right to appear before an Article III judge in a civil case, they may freely waive that right. Indeed, the Supreme Court has held that important constitutional rights may be waived even in criminal cases, which generally raise more troubling due process problems.

729 F.2d at 120.

*See also Lehman Brothers Kuhn Loeb Incorporated v. Clark Oil & Refining,* 739 F.2d 1313 (8th Cir.1984) (the action of a properly designated magistrate in proceeding to trial with the consent of the parties is not unconstitutional as violative of due process or separation of powers).

Applying these decisions to the facts herein, we hold that Dobeys' trial before the magistrate was not in violation of Article III. As set forth, *supra,* it is uncontested that the Dobeys voluntarily consented to trial before the magistrate and knowingly waived their right to trial before the district court. Furthermore, nothing in the record indicates that the magistrate who presided over the Dobeys trial was acting outside the scope of his designated jurisdiction. Inasmuch as the Dobeys consented to trial before a specifically designated magistrate and knowingly waived their right to trial before an Article III judge,

their convictions are not void for lack of jurisdiction.

AFFIRMED.