**UNITED STATES of America, Appellee,**

v.

**William Earl FERGUSON, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Norman Edward WILSON, Appellant.**

**Nos. 85–5502L, 85–5503.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 10, 1985.

Decided Dec. 5, 1985.

---

James J. Nolan, Jr., Paul W. Spence, Deputy Federal Public Defender, Baltimore, Md., for appellants.

Glenda G. Gordon, Asst. U.S. Atty. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL, Circuit Judge and HAYNSWORTH, Senior Circuit Judge.

HARRISON L. WINTER, Chief Judge:

William Ferguson and Norman Wilson, veteran postal employees, appeal from the judgments entered on their convictions of destroying (eating) the contents of two items of mail in violation of 18 U.S.C. §§ 1703(b) & 2. Their case was tried to a jury. With the parties' consent, given pursuant to 28 U.S.C. § 636(a)(3) and 18 U.S.C. § 3401(a) & (b), the presiding judicial officer was a United States Magistrate. Their convictions were affirmed by the district court, and we affirm both judgments.

## I.

Defendants worked in the rewrap section of the main post office in Baltimore. Ferguson rewrapped or repaired parcels and Wilson repaired letters damaged in the course of handling by the post office. Ferguson was not authorized to open parcels any further than the condition in which

they were found or to inspect or remove the contents of parcels.

The government's evidence, primarily a video tape and surveillance by postal inspectors, showed that Ferguson removed a tin of cookies from a damaged parcel, opened the tin, ate several cookies, and handed one across the work table to Wilson. Ferguson also placed another damaged parcel containing candy bars, a "test" mailing, on the work table. He did not repair it and he invited Wilson to have a candy bar. Wilson took one, ate it, and threw away the wrapper.

Both defendants were immediately apprehended and interrogated. In the course of interrogation Wilson gave a written incriminating statement.

## II.

Before us, Ferguson and Wilson contend that: (1) the magistrate erred in denying their motions for severance under Rule 14 of the Federal Rules of Criminal Procedure; (2) the magistrate erred in refusing to give the jury a separate instruction requiring them to find beyond a reasonable doubt that the test parcel was "mail" within the meaning of 18 U.S.C. § 1703(b) in order to convict defendants; (3) the government's closing argument and the magistrate's jury instruction on the topic of aiding and abetting were prejudicial to Ferguson; (4) the magistrate improperly refused to give Wilson's requested jury instruction regarding the effect of government agents' promises or threats on the voluntariness of his confession; (5) certain of the magistrate's evidentiary rulings were erroneous; and (6) the statutes permitting defendants in misdemeanor cases to be tried and sentenced by a magistrate violate Article III of the Constitution.

## III.

■  Because it raises an issue not heretofore addressed by us, we consider the last of defendants' contentions first. While we, along with the great majority of the other courts of appeals, *see Gairola v. Virginia Department of General Services,*

753 F.2d 1281, 1284–85 (4 Cir.1985) (and cases cited therein), have held 28 U.S.C. § 636(c) (permitting trial of civil matters before a magistrate, with consent of the parties) to be constitutional, we have not spoken regarding the constitutionality of 28 U.S.C. § 636(a)(3) and 18 U.S.C. § 3401(a) & (b). At least two federal courts of appeals, however, have upheld the statutes' constitutionality, *see United States v. Dobey,* 751 F.2d 1140 (10 Cir. 1985); *United States v. Byers,* 730 F.2d 568 (9 Cir.1984), reasoning that a criminal defendant's right to an Article III decisionmaker is a personal one and is subject to waiver. Since under this statutory scheme trial before the magistrate, a non-Article III decisionmaker, is consensual, and cases remain to some extent subject to the control of a district judge, the *Byers* and *Dobey* courts found no constitutional infirmity in the procedure. The *Dobey* court viewed this procedure for trial of misdemeanor cases as distinguishable from that struck down in *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which involved mandatory adjudication of common law rights before an "Article I" bankruptcy judge. The court noted that the common rationale between the plurality and concurring opinions in *Marathon* (and therefore the view of the majority of the Supreme Court) relied upon the need for the parties' consent before rights not created by Congress could properly be adjudicated by non-Article III judges. Because we find this reasoning persuasive, and because it is consistent with the rationale underlying our decision in *Gairola, supra,* we reject defendants' contention that their trial and sentencing before the magistrate violated Article III.

## IV.

■  Defendants' other contentions require little discussion. Their motions for severance were based on the theory that their defenses were irreconcilable. The motions were made following closing arguments and were therefore untimely under

Fed.R.Crim.P. 12(b)(5) & 12(f), which require that a motion for severance be made prior to trial or be deemed waived. Each defendant had made a pretrial motion for severance based on the theory that admission of his codefendant's out-of-court confession would be prejudicial, *see Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), but these motions were not sufficient to preserve an objection based on the irreconcilable defenses theory. *See* 8 J. Moore, Moore's Federal Practice, ¶ 12.03[3], at 12–35 to –36; *United States v. Bailey*, 675 F.2d 1292 (D.C.Cir.), *cert. denied* 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982). The record shows that sufficient information was available to defendants before trial to allow them to frame motions for severance based on a theory of irreconcilable defenses; consequently, there was not good cause, under Fed.R.Crim.P. 12(f), to excuse their waiver. In any event, the independent evidence of the guilt of both defendants was so strong that any conflict in defenses cannot be said to have resulted in their convictions. *See United States v. Sellers*, 658 F.2d 230 (4 Cir.1981).

■ Defendants' contention that a separate jury instruction requiring the jury to find beyond a reasonable doubt that the "test parcel" was "mail" is without merit. The magistrate did instruct the jury that one of the three essential elements of the offense charged was proof beyond a reasonable doubt "that the defendant destroyed *mail* which was not directed to him." (emphasis added). The jury was also told that a test or decoy parcel could be considered mail within the meaning of the statute, and the uncontradicted evidence was that this test parcel had been introduced into the regular stream of mail. The substance of the instruction requested and refused was encompassed within the instructions actually given. We therefore find no error in the magistrate's ruling.

■ Similarly, we find no merit in Wilson's contention that he was entitled to a jury instruction that specifically required the jury to consider the effects of alleged threats of harm or promises of reward made by government agents on the voluntariness of his confession. He withdrew his objection to introduction of the confession, and thus he may not complain about its admissibility on appeal.

■ We also see no merit in Wilson's contention that he was prejudiced by the magistrate's refusal to allow him to testify on direct examination as to the circumstances surrounding his confession. After the government used Wilson's confession in cross-examining him, Wilson was allowed to explain the circumstances of the confession on redirect examination. The magistrate's ruling was a permissible exercise of his discretionary control over the "mode and order of interrogating witnesses and presenting evidence," Fed.R.Evid. 611(a), and in no way prejudiced Wilson.

■ Ferguson's contention that he was prejudiced by the government's closing argument on aiding and abetting and the magistrate's jury instruction with respect thereto, because both lacked an evidentiary predicate, is without merit. We agree with the district court that argument by government counsel suggesting a duty on Ferguson's part to prevent damage to mail under his control was properly made in rebuttal to closing argument by defense counsel. We perceive no prejudicial error in the magistrate's jury instruction in aiding and abetting. The instruction was standard and unexceptionable.

We perceive neither merit in defendants' remaining assignments of error nor any need to discuss them.

AFFIRMED.