UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4569

OLADAYO OLADOKUN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-96-285)

Submitted: September 22, 1998

Decided: November 19, 1998

Before ERVIN and MOTZ, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Arcangelo M. Tuminelli, Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Jan Paul Miller, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Oladayo Oladokun appeals from the district court judgment entered pursuant to a jury verdict finding him guilty of bank fraud in violation of 18 U.S.C. § 1344 (1994), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994). Finding no merit to his claims, we affirm.

The evidence at Oladokun's trial was that from September 1994 through February 1996 he engaged in a variety of bank fraud activities. One scheme involved obtaining numerous false identifications for Sean Dayton, having Dayton open bank accounts under these fictitious names, and then depositing in the accounts counterfeit checks made payable to Dayton's fictitious identities. Dayton would then withdraw money from the accounts and split the proceeds with Oladokun. In another scheme, Oladokun made out checks to fictitious individuals, provided accomplices with false identifications matching those fictitious persons, and then had the accomplices cash the checks. Oladokun also convinced accomplices to deposit and later cash checks drawn on accounts that he opened under fictitious names before the bank could ascertain that the checks were drawn on phony bank accounts. In the course of investigating these fraudulent activities police obtained a search warrant to search Oladokun's apartment. In the apartment police found a gray canvas bag which contained fake identifications, blank counterfeit checks, and a loaded semiautomatic handgun.

Oladokun first claims that the district court erred in denying his motion to sever the count charging him with being a felon in possession of a handgun from the eight counts charging him with bank fraud. While Fed. R. Crim. P. 14 allows for severance if a defendant will suffer undue prejudice from joinder, the decision to sever is within the discretion of the trial judge and will not be reversed absent an abuse of discretion. See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). Refusal to sever constitutes an abuse of discretion only when the denial of severance deprives the defendant of a fair trial and results in a miscarriage of justice. See United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990).

2

We find no abuse of discretion in the district court's decision to deny Oladokun's severance motion because he waited until the fifth day of trial to make the motion. Oladokun does not deny that he had sufficient information that would have enabled him to make a severance motion prior to trial based on his claim that the gun charge was not sufficiently related to the bank fraud charges to permit joinder of the offenses. See United States v. Ferguson, 778 F.2d 1017, 1020 (4th Cir. 1985). Instead, he contends that the government failed to present sufficient evidence supporting joinder of the counts under the standard set forth in Fed. R. Crim. P. 8(a).[1] However, on the first day of trial the government made it clear that it intended to introduce evidence that Oladokun threatened one of his bank fraud accomplices with a gun. Oladokun's success in having this evidence excluded does not excuse his failure to move for severance earlier in the proceeding. In addition, the evidence presented in support of Oladokun's convictions was overwhelming and Oladokun has not met his burden of making a particularized showing of prejudice from the denial of severance. See United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991). Accordingly, we find no abuse of discretion in the district court's denial of his motion for severance.

Prior to trial, bank teller Kim Powell identified Oladokun from an array of photographs Special Agent Randy Walker presented to her. At trial, Oladokun called Agent Walker as a witness to testify as to the circumstances surrounding Powell's out-of-court identification.[2] Oladokun asserts that the district court improperly prevented him from using leading questions while examining Agent Walker because Walker was a hostile witness. In addition, he alleges that the district court committed further error in allowing the government to use leading questions when cross-examining Agent Walker.

_____

[1] Rule 8(a) provides that offenses may be charged in the same indictment "if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

[2] The district court denied Oladokun's pre-trial motion to suppress the identification.

3

The trial court is vested with broad discretion to control the mode of interrogation and the presentation of evidence. United States v. Gravely, 840 F.2d 1156, 1163 (4th Cir. 1988). Moreover, "the extent to which the use of leading questions may be indulged or limited is a matter primarily for the discretion of the trial judge and an appellate court will intervene only if there is a clear abuse of discretion." United States v. Durham, 319 F.2d 590, 592 (4th Cir. 1963). The district court gave Oladokun substantial leeway to ask Agent Walker leading questions in an effort to elicit testimony about any gestures or statements that may have influenced Powell's out-of-court identification. We find no error in the district court's refusal to give Oladokun the unfettered right to ask leading questions merely because Agent Walker participated in the investigation of Oladokun's fraudulent activities. See Fed. R. Evid. 611(c). [3] The district court properly exercised its discretion in taking each question on a question by question basis, and in limiting Oladokun's use of leading questions to argue facts that were not in evidence. Finally, because Oladokun called Agent Walker as a defense witness, we find no abuse of discretion in the district court's decision to permit the government to ask leading questions on cross-examination. See id.

Oladokun's final claim is that the district court erred in calculating the amount of loss attributable to him for sentencing purposes. Specifically, Oladokun asserts that the district court should not have relied on Sean Dayton's testimony from which the government calculated $360,000 of loss due to fraud.[4] We review the district court's calcula-

_____

[3] Fed. R. Evid. 611(c) provides:

> Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions. (emphasis added).

The Advisory Committee Notes to the 1972 Proposed Rules reflect that the rule was deliberately drafted using suggestive rather than mandatory language in light of the broad discretion trial judges are afforded in this area.

[4] The district court ultimately found that the appropriate loss figure was in excess of $500,000. However, on appeal Oladokun only challenges the $360,000 derived from Dayton's testimony.

4

tion of fraud loss for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Dayton testified at trial that he opened twenty to thirty fraudulent accounts for Oladokun, and that each account generated approximately $8000 in fraudulently obtained funds. Dayton also testified that while working with Oladokun he cashed between 100 to 150 counterfeit checks for approximately $2000 each. Oladokun asserts that the district court should not have credited Dayton's testimony as recounted by Special Agent Frank Bartlett at sentencing, and further that the government failed to verify the loss figures derived from Dayton's testimony. However, a district court is not required to precisely calculate the loss attributable to fraud. Rather, it need only make a reasonable estimate, given available information. United States Sentencing Guidelines Manual § 2F1.1, comment. (n.8) (1997). Further, it is not within the province of this court to second guess the district court's decision to credit Dayton's testimony. Because his testimony supported holding Oladokun responsible for $360,000 of loss, we can not say that the court's findings were clearly erroneous. Finally, the record belies Oladokun's claim that the district court failed to make specific findings in support of its loss calculations.

We grant Oladakun's motion to file a pro se supplemental brief but find no merit to the claim raised in his brief. Accordingly, we affirm Oladokun's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5