UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 02-4943

KENNETH DELCARRA JACOBS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CR-01-50)

Submitted: June 16, 2003

Decided: July 22, 2003

Before LUTTIG and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kenneth Delcarra Jacobs appeals his convictions and sentence for conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (2000) (count one), distribution and attempted distribution of cocaine base in violation of 21 U.S.C. § 841 (a)(1) (2000) (counts two through nine), possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2000) (count ten), and possession of ammunition after a felony conviction in violation of § 922(g)(1) (count eleven). The district court sentenced him to a total imprisonment term of 420 months, to be followed by a total supervised release term of five years. Finding no reversible error, we affirm.

Jacobs contends that the evidence at trial was insufficient to find him guilty of possession of a firearm after a felony conviction. We must uphold Jacobs' conviction on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). To convict Jacobs of possession of a firearm after a felony conviction, the Government had to prove that: "(1) [Jacobs] previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) [he] knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate . . . commerce at some point during its existence." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

Jacobs stipulated that he had been convicted of a felony and had not had his right to own or possess a firearm restored. Furthermore, Jacobs does not contest on appeal that he knowingly possessed the firearm. Thus, the only issue is whether the firearm had traveled in or affected interstate commerce. We have reviewed the record and conclude that there was sufficient evidence from which the jury could find that the 9mm handgun recovered by police had traveled in or affected interstate commerce. Although the handgun originally had been purchased from a gun manufacturer in Maryland, there was testimony at Jacobs' trial that the gun was later shipped out of Maryland by the Worcester County Sheriff's Department.

Jacobs next contends that the district court erred by denying his motion to sever his trial from that of his co-defendants because there were irreconcilable defenses at the trial. We conclude that Jacobs waived his objection to a joint trial because he failed to file a motion to sever prior to trial, *see* Fed. R. Crim. P. 12(b)(3)(D), and does not claim on appeal that he had insufficient information to make a severance motion prior to trial. *See* Fed. R. Crim. P. 12(e); *United States v. Ferguson*, 778 F.2d 1017, 1019-20 (4th Cir. 1985).

Jacobs further contends that the district court erred in denying his request for a downward adjustment for acceptance of responsibility pursuant to *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001). A district court's determination as to the defendant's acceptance of responsibility is a factual question reviewed for clear error. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989). An adjustment generally is not available to a defendant who pleads not guilty and proceeds to a contested trial. The adjustment may be applicable, however, to a defendant who pleads not guilty and "goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." USSG § 3E1.1, comment. (n.2).

Despite Jacobs' contention that he was entitled to an adjustment for acceptance of responsibility because he gave a complete account of his involvement in the drug conspiracy to police, we find that the dis-

trict court correctly denied Jacobs' request for an adjustment for acceptance of responsibility. Although Jacobs admitted his involvement in the drug conspiracy, he denied throughout his entire trial that he was involved in more than fifty grams of cocaine base and, thus, acted in a manner inconsistent with acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.1).

Finally, Jacobs contends that the district court's determination of the drug quantities attributable to him as relevant conduct was clearly erroneous. The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). In determining drug quantity, a district court must consider whether the government has established drug quantity by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). Under USSG § 1B1.3(a)(2), drug quantities not specified in the count of conviction are considered as relevant conduct for sentencing when they are part of the same course of conduct or common plan or scheme. In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Because the drug conspiracy lasted approximately three years, and Jacobs stated to police that he purchased for resale 3.5 grams of cocaine base every other day, we conclude that the district court did not err in its determination that Jacobs was involved in more than 150 grams of cocaine base. *See Cook*, 76 F.3d at 604.

Accordingly, we affirm Jacobs' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*