Cleo **LIGHTFOOT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7498.

United States Court of Appeals Tenth Circuit.

Jan. 29, 1964.

**208**

Jon N. Halverson, Denver, Colo., for appellant.

Phillips Breckinridge, Asst. U. S. Atty. (John M. Imel, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant is before us for the second time on an appeal from the denial of relief under 28 U.S.C. § 2255. See Lightfoot v. United States, 10 Cir., 314 F. 2d 766. He now claims that the sentence is illegal because venue was not proved at his trial. The indictment charged two narcotic offenses, each alleged to have been committed at Tulsa in the Northern District of Oklahoma. The evidence presented to the jury showed that the offenses occurred at a particular street intersection and did not locate that inersection as being either in Tulsa or in the Northern District of Oklahoma. Appellant offered no evidence in his own behalf and did not question proof of venue at the trial. Indeed, he does not now assert that the locale of the violations was without the Northern District.

The thrust of the argument is that trial in the district in which the offense was committed is a constitutional right affecting the jurisdiction of the court and that proof of venue was not waived. We have held that the right of an accused to be tried in a particular district is a personal privilege which may be waived. See Bickford v. Looney, 10 Cir., 219 F.2d 555, 556; Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940, 942, certiorari denied 317 U.S. 666, 63 S.Ct. 76, 87 L.Ed. 535. The record of the trial indicates that it was assumed that the street location was in Tulsa and a reasonable inference may be drawn that the events in question occurred in Tulsa. By failing to raise the point at the trial and by failing to take a direct appeal, the appellant has waived whatever right he might have to question proof of venue. See Hill v. United States, 9 Cir., 284 F. 2d 754, 755, certiorari denied 365 U.S. 873, 81 S.Ct. 908, 5 L.Ed.2d 862; Thomas v. United States, 5 Cir., 267 F.2d 1.

Affirmed.