UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Dean MILLER, Defendant–
Appellant,

No. 94–8079.

United States Court of Appeals,
Tenth Circuit.

April 15, 1997.

Ronald G. Pretty, Cheyenne, WY, for Defendant–Appellant.

Patrick J. Crank, Assistant United States Attorney (David D. Freudenthal, United States Attorney, with him on the brief), Casper, WY, for Plaintiff–Appellee.

Before SEYMOUR, Chief Judge, BARRETT, Circuit Judge, and KERN,* District Judge.

SEYMOUR, Chief Judge.

Richard Dean Miller was indicted in the District of Wyoming, tried before a jury, and convicted of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841, 846. On appeal, Mr. Miller asserts as error the trial court's failure to instruct the jury on the element of venue.[1] For the reasons set out below, we reverse.

I.

The indictment charged Mr. Miller with participation in a drug distribution conspiracy "within the District of Wyoming and elsewhere." Rec., vol. I at 1. Mr. Miller lived in Montana. At trial, no evidence was offered that Mr. Miller had ever traveled to or committed overt acts in Wyoming in furtherance of the conspiracy. Instead, the evidence showed that Mr. Miller acquired methamphetamine from other conspirators in Montana. The only overt acts alleged in Wyoming were acts by Mike Davis, an alleged coconspirator who had pled guilty. Mr. Davis, who resided near Cody, Wyoming, testified that on several occasions he traveled to Montana to purchase ounce quantities of methamphetamine from Mr. Miller. Mr. Davis also testified that he made telephone calls to Mr. Miller to arrange these purchases. On each occasion, Mr. Davis returned to Wyoming and resold the methamphetamine in that jurisdiction.

After presentation of the government's case, Mr. Miller moved for acquittal due, in part, to lack of venue. The trial court denied the motion, finding the evidence of venue sufficient to go to the jury. In the jury

---

* The Honorable Terry C. Kern, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

1. Mr Miller also asserts that the court impermissibly considered his off-the-record statements in admitting his prior confession, and that at sentencing the court improperly assessed the quantity of drugs in determining relevant conduct. Because we hold for Mr. Miller on the venue issue, we do not reach the other issues raised on appeal.

instruction conference, Mr. Miller's counsel objected to the failure to instruct the jury specifically on the element of venue. The trial court denied the objection. Mr. Miller's counsel also sought to include in each instruction on the substantive elements of the conspiracy an instruction that the jury must find the conspiracy in "the district of Wyoming." Rec., vol. X at 80. This request was also denied. The jury instructions did contain the statement: "You are instructed that a conspiracy may be prosecuted in any district where the conspiracy began, continued, or the conspiracy ended." Rec., vol. X at 104. However, the jury was not told that the government must prove venue, nor was the jury required to make a finding on this issue.

## II.

Venue is not a mere technicality. The defendant's right to proper venue has explicit constitutional roots in Article III, § 2, cl. 3, which "requires that the trial of any crime be held in the state in which the crime was committed," and in the Sixth Amendment, which guarantees trial by "a jury of the state and district in which the crime was committed." *United States v. Medina–Ramos,* 834 F.2d 874, 875–76 (10th Cir.1987). These requirements are codified in FED. R.CRIM. P. 18, which states "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." The Supreme Court has pointed out that failure to treat venue rights seriously not only may impose unfairness and hardship on the accused, but might also encourage forum-shopping by federal prosecutors. *United States v. Johnson,* 323 U.S. 273, 275, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944). "Questions of venue in criminal

cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy...." *Id.* at 276, 65 S.Ct. at 250–51.

■ Venue is "a question of fact," *United States v. Rinke,* 778 F.2d 581, 584 (10th Cir.1985) (quoting *Wilkett v. United States,* 655 F.2d 1007, 1011 (10th Cir.1981)), which ordinarily must be decided by the jury.[2] *United States v. Record,* 873 F.2d 1363, 1370 (10th Cir.1989); *United States v. Winship,* 724 F.2d 1116, 1124 (5th Cir.1984); *United States v. Black Cloud,* 590 F.2d 270, 272 (8th Cir.1979); *Green v. United States,* 309 F.2d 852, 856 (5th Cir.1962); *United States v. Gillette,* 189 F.2d 449, 452 (2d Cir.1951).[3] One commentator has described the division of labor between judge and jury with respect to venue: "Whether venue has been properly proved is a question of fact for the jury, but the jury must have been properly instructed to make this finding. Whether there has been sufficient evidence to justify a finding on venue is a question of law for the court." 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 307, at 225 (2d ed. 1982) (footnotes omitted).

■ Although venue is a right of constitutional dimension, and has been characterized as "an element of every crime," *Winship,* 724 F.2d at 1124, this court and others have consistently treated venue differently from other, "substantive" elements of a charged offense. *See, e.g., Wilkett,* 655 F.2d at 1011–12 (dismissal for want of venue, unlike a failure to prove an essential element of the offense charged, does not raise double jeopardy barrier). We have held that venue need not be proved beyond a reasonable doubt. "Venue in federal criminal cases is an

---

**2.** In *United States v. Rinke,* 778 F.2d 581 (10th Cir.1985), the case was tried to the court. The judge was the factfinder and sat in place of the jury on venue, as on the other issues. In affirming the ruling of the court, we stated that the proper standard of review for sufficiency of the evidence is whether, "making all reasonable inferences and credibility choices in favor of the *finder of fact,*" the government has proved venue by a preponderance of the evidence. 778 F.2d at 584 (emphasis added). Similarly, in *United States v. Record,* 873 F.2d 1363 (10th Cir.1989), the parties apparently agreed to submit the issue of venue to the judge, and the only question to be

resolved was the sufficiency of the evidence, *id.* at 1371.

**3.** The Supreme Court has recently confirmed that the right to a criminal jury trial includes the right to have a jury decide every element of the crime charged. *See United States v. Gaudin,* —— U.S. ——, ——, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444 (1995). However, the Court in *Gaudin* did not have occasion to address the proper treatment of a nonsubstantive element like venue. *Id.* at —— n. 1, 115 S.Ct. at 2313 n. 1.

element of the prosecution's case which must be proved, unlike the other elements, by a preponderance of the evidence." *Record,* 873 F.2d at 1366; *accord Winship,* 724 F.2d at 1124. We have also applied a more relaxed standard for finding waiver of venue rights than for finding waivers of other constitutional rights in criminal trials. A defendant can waive venue rights by his inaction. *See* WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 306, at 219–220 (2d ed. 1982); *United States v. Jackson,* 482 F.2d 1167, 1179 (10th Cir.1973) (finding waiver if defendant fails to object before trial where lack of proper venue is apparent on the face of the indictment); *United States v. Bohle,* 445 F.2d 54, 58–59 (7th Cir.1971) (same), *overruled on other grounds by United States v. Lawson,* 653 F.2d 299, 301–02 (7th Cir.1981); *United States v. Jones,* 162 F.2d 72, 73 (2d Cir.1947) (same); *Jenkins v. United States,* 392 F.2d 303, 306 (10th Cir.1968) (defendant may raise venue issue in a motion for acquittal if indictment alleges proper venue); *United States v. Sandini,* 803 F.2d 123, 127 (3d Cir.1986) (same); *Black Cloud,* 590 F.2d at 272 (same).[4]

▪ Finally, perhaps for reasons related to the relaxed standard for waiver, courts seem to disfavor the application of plain error to failure to instruct on venue. *See United States v. Massa,* 686 F.2d 526, 530 (7th Cir.1982); *United States v. White,* 611 F.2d 531, 536–37 (5th Cir.1980); *United States v. Honneus,* 508 F.2d 566, 571 (1st Cir.1974). We have held that failure to instruct on other essential elements of the crime, even when not requested by the defendant, is structural error and per se reversible. *United States v. Wiles,* 102 F.3d 1043, 1059–60 (10th Cir.1996) (en banc as to part II.A); *Winship,* 724 F.2d at 1124. "By contrast, the particular circumstances of a case determine whether failure to instruct on venue is plain error." *Winship,* 724 F.2d at 1124.

## III.

We have said that failure to instruct the jury on venue when requested to do so is error. *Record,* 873 F.2d at 1370; *see also United States v. Grammatikos,* 633 F.2d 1013, 1022 (2d Cir.1980). We must determine whether the district court failed after a request by Mr. Miller to submit the issue of venue to the jury and, if so, whether Mr. Miller's conviction must be reversed.

The record indicates that the district court failed to give the jury a specific instruction on venue, despite defendant's objections. The government concedes the district court erred in failing to submit to the jury a specific venue instruction but seeks refuge in the fact that the court did submit an instruction which stated, "You are instructed that a conspiracy may be prosecuted in any district where the conspiracy began, continued, or the conspiracy ended." Rec., vol. X at 104. Although the government characterizes this declaration as a general instruction on venue, Aplee. Br. at 29, the instruction did not inform the jury that it was required to make findings on the issue of venue, or that to enter a guilty verdict it must find either an agreement or some overt act by a conspirator in Wyoming. Rather, after instructing the jury on finding a conspiracy, the court simply declared that the conspiracy, if found, could be prosecuted where it began, continued, or ended. As a consequence, the jury was never required to make a determination that venue existed in the case.

The question we must resolve is whether failure to instruct the jury on venue, under the circumstances of this case, constitutes reversible error. This is an issue of first impression for this court. After noting in *Record* that "it is 'fundamental error' to fail to instruct the jury as to the necessary elements of the offense charged," 873 F.2d at 1370, we observed that "[o]ther courts have developed rules examining the particular circumstances of a case rather than requiring automatic reversal for the failure to instruct the jury on venue," *id.* at 1370–71 (citing *United States v. Moeckly,* 769 F.2d 453 (8th Cir.1985), and *Winship,* 724 F.2d 1116 (5th Cir.1984)). We did not have occasion to de-

---

4. The district court found that Mr. Miller had properly raised the venue issue in his motion to acquit, and thus had not waived his venue rights.

velop such a rule in *Record* because the parties there had agreed to submit the venue issue to the court, and thus had waived any objection.

■ In this case, Mr. Miller preserved his objection below and we therefore review under the standards of harmless error. FED. R.CRIM.P. 52(a). The burden is on the government to prove beyond a reasonable doubt that an error is harmless. *Sullivan v. Louisiana,* 508 U.S. 275, 279, 113 S.Ct. 2078, 2081–82, 124 L.Ed.2d 182 (1993); *Carella v. California,* 491 U.S. 263, 271–72, 109 S.Ct. 2419, 2423–24, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring); *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). Several circuits have adopted the "in issue" test for determining if failure to instruct on venue is reversible error, or is harmless. The rule in the Fifth Circuit is that "failure to instruct on venue is reversible error when trial testimony puts venue in issue and the defendant requests the instruction." *Winship,* 724 F.2d at 1125. The Seventh Circuit has concluded that

> where venue is in issue, an instruction should be given. This is particularly true when an instruction is proffered or the defendant objects to the lack of an instruction, thereby calling the issue to the attention of the district court. But where venue is not in issue, no court has ever held that a venue instruction must be given.

*Massa,* 686 F.2d at 530.

Both of these circuits have implied that to place venue "in issue," a defendant must proffer trial testimony or otherwise create a factual dispute with respect to the location of the crime. The Eighth Circuit has articulat-

ed a broader view, holding that venue is in issue not only when there is a question about where the crime occurred, "but also ... when defendants can be convicted of the offenses charged without an implicit finding that the acts used to establish venue have been proven." *Moeckly,* 769 F.2d at 461. We believe this is the better view.

■ The burden of proof on venue always remains with the government. The defendant is entitled to have a jury test the weight of the evidence even if he can adduce none of his own. Where the entirety of the defendant's illegal activity is alleged to have taken place within the trial jurisdiction, and no trial evidence is proffered that the illegal act was committed in some other place or that the place alleged is not within the jurisdiction, any defect in failing to specifically instruct on venue would be cured by the guilty verdict. *See, e.g., United States v. Jenkins,* 510 F.2d 495, 498 (2d Cir.1975) (failure to instruct is harmless where all evidence of commission of the crime is situated in the trial jurisdiction).[5] This is so because in convicting of the offense charged, a jury of necessity finds an illegal act within the trial jurisdiction. However, in a multidistrict indictment, such as we have in this case, the jury could find the elements of the charged offense without finding the factual predicate for proper venue in the trial jurisdiction. *See Green,* 309 F.2d at 856–57. We therefore adopt the rule that failure to instruct on venue, when requested, is reversible error unless it is beyond a reasonable doubt that the jury's guilty verdict on the charged offense necessarily incorporates a finding of proper venue.[6]

5. Several decisions in other jurisdictions have purported, where venue was not factually disputed, to determine that venue had been properly established "as a matter of law." *See, e.g., United States v. Netz,* 758 F.2d 1308, 1312 (8th Cir. 1985); *United States v. Massa,* 686 F.2d 526, 531 (7th Cir.1982). To the extent these decisions suggest that denial of a request to instruct on venue would not be error, we cannot agree. However, this language was used in the context of cases where the only evidence of criminal activity was located within the trial jurisdiction, and such evidence was undisputed. Thus, any error in the failure to instruct would have been harmless.

6. Contrary to the assertion of the dissent, Dissenting Op. at 755 n. 4, the test we apply is harmless error analysis, not structural error analysis. Typically, harmless error analysis evaluates a verdict actually rendered by the jury, and seeks to determine if the same verdict would have been rendered absent a trial error in the presentation of evidence to the jury. Here, the error does not concern the evidence of venue presented to the jury, but whether the jury was instructed to render a verdict on that evidence. Thus, we would find the error harmless if the jury actually rendered a verdict on venue.

We note that the Supreme Court has engaged in a similar analysis in considering whether the use of an unconstitutional evidentiary presumption in jury instructions may be harmless. *See Carella v. California*, 491 U.S. 263, 266, 109 S.Ct. 2419, 2421, 105 L.Ed.2d 218 (1989). The Court focused on whether, despite a flawed instruction, the jury had nonetheless been required to find the predicate facts to establish the element which was subject to the erroneous presumption:

> "When a jury is instructed to presume malice from predicate facts, it still must find the existence of those facts beyond a reasonable doubt.... In many cases, the predicate facts conclusively establish intent, so that no rational jury could find that the defendant committed the relevant criminal act but did not *intend* to cause injury.... In that event the erroneous instruction is simply superfluous."

*Id.* (quoting *Rose v. Clark*, 478 U.S. 570, 580–81, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986)) (citation omitted). As Justice Scalia observed in *Carella*, harmless-error analysis in this context is "unlike the typical form of such analysis" because we are not concerned with whether the verdict rendered on the element is supported by other properly admitted evidence, but rather with whether a verdict was in fact rendered on the element in spite of the erroneous instruction. *Id.* at 267, 109 S.Ct. at 2421–22 (Scalia, J., concurring).[7]

We find additional support for this rule in our recent en banc pronouncement regarding the consequences of failure to instruct on a substantive element of a charged offense. We held en banc that we must reverse if the jury did not render a verdict on an essential element of the charged offense as a result of a failure to instruct. *Wiles*, 102 F.3d at 1053–62 (10th Cir.1996) (en banc as to part II.A). We focused on whether "the element-specific error, i.e. the instructional omission,

prevents the jury from rendering a verdict on an element entirely." *Id.* at 1059. Thus, a failure to instruct the jury on an element of the crime is reversible error "[b]ecause the ... jur[y] in the case[ ] ... did not render a verdict, formal or otherwise" on the contested element. *Id.* at 1060. Although we have outlined the significant differences between venue and substantive elements of the crime such as that at issue in *Wiles*, particularly in the plain error context, *Wiles* is instructive in its focus on the verdict actually rendered by the jury.

In the present case, there was no specific instruction to the jury on the element of venue, and the jury was therefore not specifically required to render a verdict on that element. Our opinion in *Wiles* left open the possibility that in some circumstances a failure to instruct, even on a substantive element, will not lead to error where the jury was nonetheless otherwise required to render a verdict on the element. In *Wiles*, we quoted with approval Justice Scalia's observation that the failure to instruct on an element may be harmless " 'if the jury verdict on other points effectively embraces [the contested element] or if it is impossible, upon the evidence, to have found what the verdict did find without finding [the contested element] as well.' " *Id.* (quoting *California v. Roy*, —— U.S. ——, ——–——, 117 S.Ct. 337, 339–40, 136 L.Ed.2d 266 (1996) (Scalia, J., concurring)).

▮▮▮ In making the inquiry suggested by *Moeckly*, *Wiles*, and *Roy*, we do not examine the evidence to determine what the jury would have found if properly instructed. To do so would impermissibly substitute the judgment of this court for that of the jury. *See Wiles*, 102 F.3d at 1058–59 (en banc as to part II.A). The district court found, and Mr. Miller does not dispute, that the evidence of venue was sufficient to survive Mr. Miller's

---

7. The dissent applies the more typical form of harmless error analysis, examining the record as a whole to determine if there was sufficient evidence of venue. The dissent apparently relies on the fact that the jury rendered a guilty verdict in this case. As we discuss below, we are unable to conclude beyond a reasonable doubt that the verdict on the substantive crimes encompassed a verdict on the issue of venue. The dissent's canvass of the evidence of venue does not merely evaluate the evidentiary support for a verdict already rendered by the jury, but instead substitutes the evaluation of the court for a verdict never rendered by the jury.

motion to acquit.[8] The question for us is not whether the evidence, if believed by the jury, is sufficient to establish venue, but whether the jury as a matter of logical necessity made a finding on the omitted element in order to reach the verdict actually rendered. *Id.* at 1059.

The government here contends ·that by finding Mr. Miller guilty of the particular conspiracy charged in the indictment, the jury necessarily must have found the factual predicates for venue in Wyoming to be satisfied. In some cases, courts have indeed found failure to instruct on venue to be harmless where the defendant was convicted on a conspiracy indictment *alleging the formation of the agreement within a single jurisdiction. See, e.g., United States v. Boswell,* 372 F.2d 781, 783 (4th Cir.1967) ("Where the indictment itself locates the place of formation of the conspiracy, we think a general· instruction is sufficient with respect to the venue question.") In such cases, to render a guilty verdict the jury necessarily found the formation of the agreement in the trial jurisdiction, and a separate venue instruction would be redundant. The results in these cases comport with our recognition that a failure to instruct does not lead to reversible error where the jury by necessity renders a verdict on the substance of the element.

■ Reliance on the wording of the indictment and the jury's general verdict cannot save the government's case here, however. The jury was instructed that it must find Mr. Miller guilty beyond a reasonable doubt of the single conspiracy alleged in the indictment. The indictment alleged a conspiracy in more than one jurisdiction: "within the District of Wyoming and elsewhere." Rec., vol. I at 1. The jury was never instructed that to find this single conspiracy it must find either an agreement or an overt act in furtherance of the conspiracy in Wyoming. Although the indictment alleged overt acts by *Mr. Davis* in Wyoming, it is impossible to determine if the jury, in entering a verdict of . guilty, found that any of the overt acts alleged in the Wyoming jurisdiction did in fact take place. "This is not a case where proof of the charges necessarily resulted in a finding of proper venue." *Moeckly,* 769 F.2d at 462. Thus, we cannot say that a verdict on the venue element was in fact subsumed by the general guilty verdict.[9]

■ Finally, the government asserts there is substantial evidence in the record to establish venue in Wyoming by a preponderance of the evidence. Even if this contention is accurate, it is irrelevant to the question of whether there has been a jury verdict on the element of venue. No matter how overwhelming the evidence, our speculation as to the verdict a jury might reach may not substitute for an actual jury verdict. *Wiles,* 102 F.3d at 1058 (en banc as to part II.A); *see also Sullivan v. Louisiana,* 508 U.S. 275, 280, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993). The right to a trial by jury does not depend on the magnitude of the evidence arrayed against the defendant. "Although this record contains sufficient evidence on which a jury could find [venue], there is no indication in the record that this essential finding was actually made." *Black Cloud,* 590 F.2d at 273. "Findings made by a judge cannot cure deficiencies in the jury's finding as to the guilt or innocence of a defendant

---

8. In a drug conspiracy case, venue for a defendant " 'lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.' " *Rinke,* 778 F.2d at 584–85 (quoting *United States v. Smith,* 692 F.2d 693, 697 (10th Cir.1982)). For purposes of venue, the acts of any conspirator are imputed to the other conspirators. Thus, for example, we have upheld venue for a conspiracy charge even though the defendant had neither been to the jurisdiction nor committed any acts there. It was sufficient that the. defendant's coconspirator had sold drugs in the jurisdiction and had made telephone calls to the defendant from there. *Smith,* 692 F.2d at 697.

9. Our conclusion is bolstered by the fact that the prosecutor implied in closing argument that the jury could find the existence of the conspiracy without believing Mr. Davis, rec., vol. XI at 27, or without finding an agreement between Mr. Miller and Mr. Davis, but merely by finding an agreement between Mr. Miller and other Montana-based conspirators, rec., vol. XI at 5. Davis was the only conspirator alleged in the indictment to have committed overt acts in Wyoming. Rec., vol. I at 5–7.

resulting from the court's failure to instruct it to find an element of the crime." *Cabana v. Bullock,* 474 U.S. 376, 384–85, 106 S.Ct. 689, 696, 88 L.Ed.2d 704 (1986).[10]

Due to the peculiar characteristics of venue—the fact that in the usual case there will be complete overlap between the factual predicates of venue and the factual predicates of the charged offense—failure to instruct will often be harmless.[11] However, we must not let this general state of affairs blind us to those instances, as with a multidistrict conspiracy, where the guilty verdict will not by necessity incorporate a finding on venue. Faced with a situation very similar to this case, the Fifth Circuit observed, "The dangers of abuse are manifold if the Government can obtain an indictment for conspiracy in a district other than the district where the offense was actually committed merely by alleging that one act, *which need never be proved,* was committed in that district." *Green,* 309 F.2d at 856 (emphasis in the original).

The judgment of the district court is **REVERSED**, and we **REMAND** this case for further proceedings.

BARRETT, Senior Circuit Judge, dissenting:

I respectfully dissent. My review of the case law leads me to conclude that any error resulting from the district court's failure to

separately instruct the jury on the issue of venue was harmless.

The United States Constitution guarantees an accused certain fundamental trial rights, including the right to be tried in the state where the crime was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend VI. The Sixth Amendment of the United States Constitution guarantees that,

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Const. amend. VI. Therefore, venue is a fundamental trial right similar to the rights to a speedy trial, to a jury, to confront witnesses, and to counsel.[1] And, like other fundamental trial rights,[2] venue may be waived. *Mahaffey v. Hudspeth,* 128 F.2d 940, 942 (10th Cir.) (like the right to a jury trial in criminal cases, venue "is also a personal privilege which may be waived"), *cert. denied,* 317 U.S. 666, 63 S.Ct. 76, 87 L.Ed. 535 (1942). *See also Jenkins v. United States,* 392 F.2d 303, 305–06 (10th Cir.1968) ("improper venue may be waived," but is not

---

**10.** Although we agree with its view of the "in issue" test, we cannot agree with the Eighth Circuit's conclusion in *Moeckly* that where venue is in issue and a finding of guilt on the offense does not encompass a finding of proper venue, a failure to instruct on venue can nevertheless be harmless merely because the evidence on venue was "substantial." 769 F.2d at 462.

**11.** We caution trial judges that, although the factual predicates of venue may usually be congruent with the factual predicates for a guilty verdict on the charged offense, this congruence may not always be clear. The better practice is to instruct the jury on venue whenever the issue is brought to the attention of the court, so the jury can make an explicit factual finding. *See United States v. Winship,* 724 F.2d 1116, 1126 n. 13 (5th Cir.1984).

**1.** *See e.g. Klopfer v. North Carolina,* 386 U.S. 213, 223, 87 S.Ct. 988, 993–94, 18 L.Ed.2d 1 (1967)

(right to speedy trial); *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) (right to jury trial); *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965) (right to confront witnesses); and *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel).

**2.** *See e.g. Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (right to speedy trial may be waived); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (right to jury trial may be waived); *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (right to confront witnesses may be waived); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (right to assistance of counsel may be waived). See also *United States v. Dobey,* 751 F.2d 1140, 1142 (10th Cir.), *cert denied,* 474 U.S. 818, 106 S.Ct. 63, 88 L.Ed.2d 52 (1985), for additional examples of waiver of a fundamental right.

waived when defendant moves for acquittal or a new trial following the verdict); *Lightfoot v. United States*, 327 F.2d 207, 208 (10th Cir.1964) ("By failing to raise the point at the trial and by failing to take a direct appeal, the appellant has waived whatever right he might have to question proof of venue."); *Bickford v. Looney*, 219 F.2d 555, 556 (10th Cir.1955) ("The right of an accused to be tried in a particular venue is a personal privilege which may be waived.").

As a fundamental trial right venue is not "merely a matter of formal legal procedure." *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944). However, no matter how fundamental, "venue is a matter that goes to process rather than substantive rights—determining which among various competent courts will decide the case." *American Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S.Ct. 981, 988, 127 L.Ed.2d 285 (1994). "Venue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused" "unlike the substantive facts which bear on guilt or innocence in the case." *Wilkett v. United States*, 655 F.2d 1007, 1011 (10th Cir.1981), *cert. denied*, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). In other words, venue is more akin to jurisdiction than to an "element" of a crime. *See Hyde v. United States*, 225 U.S. 347, 349 & 357, 32 S.Ct. 793, 795 & 798, 56 L.Ed. 1114 (1912) (equating jurisdiction with venue); *Brown v. Elliott*, 225 U.S. 392, 402, 32 S.Ct. 812, 815–16, 56 L.Ed. 1136 (1912) (the Sixth Amendment de-

termines "the jurisdiction" of the trial); *United States v. Massa*, 686 F.2d 526, 530 (7th Cir.1982) (venue is "more akin to jurisdiction than to the substantive elements of the crime"). For example, if a case is dismissed for improper venue, "[t]he termination of the case [is] not 'a resolution, correct or not, of some or all of the federal elements of the offense charged.'" *Wilkett*, 655 F.2d at 1011–12 (quoting *Lee v. United States*, 432 U.S. 23, 30 n. 8, 97 S.Ct. 2141, 2145 n. 8, 53 L.Ed.2d 80 (1977)). And, dismissal for lack of venue does not involve issues of double jeopardy nor bar prosecution in the proper venue. *Wilkett*, 655 F.2d at 1012.[3] *See United States v. Jackalow*, 66 U.S. (1 Black) 484, 17 L.Ed. 225 (1861) (special verdict set aside and new trial granted).

Absent a waiver, failure to guarantee a fundamental constitutional trial right is error. However, such error does not always require reversal of a conviction as "most constitutional errors can be harmless." *Arizona v. Fulminante*, 499 U.S. 279, 306, 111 S.Ct. 1246, 1263, 113 L.Ed.2d 302 (1991) (collecting examples of harmless constitutional errors). The "common thread" connecting the cases of harmless constitutional error "is that each involved 'trial error'—error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether [it] was harmless beyond a reasonable doubt." *Id.* at 307–08, 111 S.Ct. at 1264.[4]

---

**3.** Accordingly, the majority's reversal of Miller's conviction does not bar the government from retrying him. *See United States v. Genser*, 710 F.2d 1426, 1427 (10th Cir.1983) ("[T]he Supreme Court identified as one of the 'venerable principles of double jeopardy jurisprudence' the proposition that '[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict ... poses no bar to further prosecution on the same charge.'") (quoting *United States v. Scott*, 437 U.S. 82, 90–91, 98 S.Ct. 2187, 2193–94, 57 L.Ed.2d 65 (1978) (citation omitted)).

**4.** In contrast, structural error requires reversal of a conviction, because such error renders the trial an unreliable vehicle for the determination of guilt. *United States v. Wiles*, 102 F.3d 1043, 1056 (10th Cir.1996), *reh'g granted*, 106 F.3d 1516, 1997 WL 61512 (10th Cir.1997). In *Wiles*,

the court held that because the jury did not render a verdict, formal or otherwise, on an essential element of the crime, the district court's failure to instruct on that element was structural error, and, thus, not amenable to analysis under Fed.R.Crim.P. 52. *Id.* at 1060. This is the analysis the majority erroneously applies here—"failure to instruct on venue, when requested, is reversible error unless it is beyond a reasonable doubt that the jury's verdict on the charged offense *necessarily incorporates a finding of proper venue.*" (Majority Opinion at 752) (emphasis added). In this case, we are not dealing with structural error; we are dealing with trial error. In contrast to *Wiles*, the district court here did not fail to instruct on an essential element of the offense of conspiracy, but rather failed to instruct on a trial right. Therefore, I believe any reliance on or reference to the analysis in *Wiles* is erroneous and ultimately misleading.

In this case, the district court did not specifically instruct the jury on the issue of venue. While I believe the better approach is to submit the question of venue to the jury when the defendant properly requests it,[5] it is not clear when, or even if, a district court should submit the issue of venue to the jury.[6] It is clear, however, that venue is a question of fact which the government must establish by a preponderance of the evidence. *United States v. Rinke,* 778 F.2d 581, 584 (10th Cir.1985). *See also United States v. Taylor,* 828 F.2d 630, 633 (10th Cir.1987) (en banc) ("[T]he Government bears the burden of proving venue by a preponderance of the evidence."). Therefore, assuming without deciding, that the district court's failure to instruct the jury on the issue of venue was error, the error was in the presentation of the case to the jury and, thus, "trial error."[7] As such, the error "shall be disregarded" as harmless unless it "affects substantial rights." Fed.R.Crim.P. 52(a).[8]

"Harmless-error review looks ... to the basis on which 'the jury *actually rested* its verdict.'" *Sullivan v. Louisiana,* 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) (emphasis original) (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). "The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Sullivan,* 508 U.S. at 279, 113 S.Ct. at 2081 (emphasis original). The error must "be quantitatively assessed in the context of other evidence presented in order to determine whether [it] was harmless beyond a reasonable doubt." *Fulminante,* 499 U.S. at 308, 111 S.Ct. at 1264. This is not to say that the reviewing court may substitute its judgment for that of the fact finder; the court does not examine the evidence to determine what the jury would have found had there been no error. *See Sullivan,* 508 U.S. at 279, 113 S.Ct. at 2081–82. Rather, the court examines the evidence presented to determine if the error substantially affected the verdict rendered. *Id.*

---

**5.** Although Miller requested that in each instruction on the substantive elements of conspiracy an instruction that the jury must find the conspiracy in "the district of Wyoming," this was not a proper request. *See* ROA, Vol. X at 80. While the substantive elements of the crime must be proved beyond a reasonable doubt, *see Sullivan v. Louisiana,* 508 U.S. 275, 277–78, 113 S.Ct. 2078, 2080–81, 124 L.Ed.2d 182 (1993), venue need only be established by a preponderance of the evidence. *United States v. Rinke,* 778 F.2d 581, 584 (10th Cir.1985); *United States v. Taylor,* 828 F.2d 630, 633 (10th Cir.1987) (en banc). Therefore, if venue is to be instructed it must be done so separately from the substantive elements of the crime and under the proper burden of proof. *See e.g. Taylor,* 828 F.2d at 633.

**6.** The majority relies on *United States v. Record,* 873 F.2d 1363, 1370 (10th Cir.1989), for the proposition that venue "must be decided by the jury." (Majority Opinion at 749). However, I find this reliance misplaced and unpersuasive in view of the court's statement in *Record* that both Record and the government agreed that "venue was an issue for the trial court to decide." *Record,* 873 F.2d at 1370. The court stated, "The instant case, however, does not involve either oversight by the trial court or its denial of a proper request to charge the jury regarding venue, as the parties agreed that the issue was within the province of the trial court." *Id.* at 1371. Therefore, this "issue" was not "at issue" in the case and, as such, I believe the court's

statements constitute dicta not necessary for the disposition of the case.

**7.** Examples of cases involving structural defects in the constitution of the trial mechanism, which defy analysis by "harmless error" standards, include: total deprivation of the right to counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); a judge who was not impartial, *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); unlawful exclusion of members of defendant's race from a grand jury, *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); the right to self-representation at trial, *McKaskle v. Wiggins,* 465 U.S. 168, 177–78 n. 8, 104 S.Ct. 944, 950–51 n. 8, 79 L.Ed.2d 122 (1984); and the right to a public trial, *Waller v. Georgia,* 467 U.S. 39, 49 n. 9, 104 S.Ct. 2210, 2217, 81 L.Ed.2d 31 (1984). *Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 1264–65, 113 L.Ed.2d 302. These errors are "structural defects affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* at 310, 111 S.Ct. at 1265.

**8.** Although Miller failed to submit a written jury instruction on the issue of venue to the district court, he preserved his objection to the lack thereof at the instruction conference and in his motion for acquittal. Therefore, we review for harmless error rather than plain error. Fed. R.Crim.P. 52.

In this case, the jury returned a general verdict finding Miller guilty of conspiracy to possess with intent to distribute and to distribute methamphetamine as charged in the indictment. (ROA, Vol. II, Doc. 122). In order to find a defendant guilty of conspiracy in violation of 21 U.S.C. §§ 841(a) and 846, the jury must find, beyond a reasonable doubt, " '(1) [an] agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators.' " *United States v. Lopez*, 100 F.3d 113, 118 (10th Cir.1996) (quoting *United States v. Edwards*, 69 F.3d 419, 430 (10th Cir.1995) (quotation omitted), *cert. denied,* —— U.S. ——, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996)). Accordingly, where the defendant is tried is irrelevant for the purposes of the actual guilt or innocence of the defendant. Evidence, or the lack thereof, regarding the proper venue of the trial does not affect the jury's factual determination of the actual guilt or innocence of the defendant. However, that is not to say that an error in venue is always harmless. Evidence of venue does affect the verdict to the extent that if venue is improper no constitutionally valid verdict could be reached regardless of the overwhelming evidence against the defendant. *See* U.S. Const. art. III, § 2 cl. 3; U.S. Const. amend. VI. Therefore, the court must determine whether, after reviewing the whole record, there was sufficient evidence of proper venue such that the district court's failure to instruct separately on the issue of venue was harmless error beyond a reasonable doubt.[9]

It is established that "venue as to the prosecution of all members of a conspiracy lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Petersen,* 611 F.2d 1313, 1333 (10th Cir.1979) (quotation omitted), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980). *See also Brown,* 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136; *Hudspeth v. McDonald,* 120 F.2d 962, 966 (10th Cir.1941) ("[V]enue may be laid either where the conspiracy was formed or where any overt act in furtherance thereof was committed."), *cert. denied,* 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496 (1941).

After a careful review of the record, I believe the evidence adduced at trial is sufficient to establish that venue was proper in the District of Wyoming. The evidence in this case revealed that: coconspirator Mike Davis (Davis) bought methamphetamine from Miller in Billings, Montana, (ROA, Vol. IX at 20, 27–29 & Vol. X at 47–50, 58–65 & Supp. Vol. I at 4–6, 10–12, 15–16, 21–22, 25, 29, 60, 62); Davis is a resident of Wyoming, (ROA, Supp. Vol. I at 7); Davis returned to Wyoming with the methamphetamine, (ROA, Supp. Vol. I at 7, 18, 22), and distributed it to a Larry Gureski in Cody, Wyoming, (ROA, Vol. IX at 35, 40–41, 44, 46, 48, 53–54, 59 & Vol. X at 39–41, 45–47, 54 & Supp. Vol. I at 9, 18, 22–24); and Davis called Miller from Wyoming to arrange for the purchase of methamphetamine, (ROA, Vol. IX at 59–60, 74–75 & Supp. Vol. I at 31). The fact that Miller himself did not travel to Wyoming nor commit an overt act in furtherance of the conspiracy in Wyoming is immaterial, provided that an overt act in furtherance of the conspiracy was committed there. *See United States v. Smith,* 692 F.2d 693, 697 (10th Cir.1982) ("Clearly [coconspirator's] sale of marijuana in Gillette and his telephone calls

---

9. The majority states that the district court denied Miller's motion for acquittal "finding the evidence of venue sufficient to go to the jury." (Majority Opinion at 748). Although my reading of the district court's findings leads me to believe that the court found venue was proper and that there was sufficient evidence of conspiracy for the jury to consider the charges, it is not overly clear from the record. Therefore, I shall assume for the purposes of this opinion that the majority is correct and that there was no specific finding on the issue of venue. Hence, because there has been no finding of proper venue by the finder of

fact in this case, the standard of review set forth in *United States v. Rinke,* 778 F.2d 581, 584 (10th Cir.1985), and *United States v. Wiles,* 102 F.3d 1043, 1064 (10th Cir.1996), *reh'g granted,* 106 F.3d 1516, 1997 WL 61512 (10th Cir.1997), does not apply, i.e., "whether, viewing the evidence in the light most favorable to the Government and making all reasonable inferences and credibility choices in favor of the finder of fact, the Government proved by a preponderance of direct or circumstantial evidence that the crimes charged occurred within the district" of prosecution. *Rinke,* 778 F.2d at 584.

to [another coconspirator] and Smith from Gillette were overt acts in furtherance of the conspiracy. Venue was proper in Wyoming whether or not Smith had ever been there himself."); *McDonald,* 120 F.2d at 966. Davis' re-sales of methamphetamine to Gureski in Cody, Wyoming, are sufficient to establish that venue was proper in the District of Wyoming for all conspirators, including Miller.

Therefore, I would affirm Miller's conviction and sentence.[10]

10. Although I believe Miller's other contentions are without merit, I will not address them at this time in view of the majority's holding because any discussion of these issues would be a waste of judicial resources.