**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1997**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

NICHOLAS J. DEL DUCA,

Petitioner-Appellant,

v.

JOHN ANDERSON,

Respondent-Appellee.

No. 96-1365
(D.C. No. 96-S-1232)
(Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Nicholas Del Duca, a pro se prisoner, brought this habeas corpus action and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed motions for leave to proceed in forma pauperis, for trial transcripts, and for appointed counsel. The district court dismissed the suit without prejudice for failure to correct deficiencies.

The district court issued an order informing Mr. Del Duca that his documents were deficient in three respects: Mr. Del Duca had not submitted a certified copy of his prisoner's trust fund statement, he had not used the proper form, and his complaint was missing. Nonetheless, the court directed the clerk to commence an action and ordered Mr. Del Duca to cure the deficiencies within thirty days. The order further stated that if Mr. Del Duca failed to do so, the action would be dismissed, without prejudice, without further notice.

Mr. Del Duca filed some papers in response to the court's order, but these filings did not cure all of the deficiencies. Accordingly, the district court dismissed the action without prejudice. Mr. Del Duca appeals. We have since held that a habeas petitioner need not comply with the provisions of the Prisoner Litigation Reform Act requirements for paying a partial fee, see United States v. Simmonds, 111 F.3d 757 (10th Cir. 1997). However, because Mr. Del Duca also failed to complete the appropriate form for an application for writ of habeas corpus, we conclude that dismissal without prejudice was nonetheless justified. We therefore conclude Mr. Del Duca has failed to demonstrate the denial of a constitutional right by showing that the issues raised on his appeal are debatable

among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Consequently, we deny a certificate of appealability and dismiss the appeal.  28 U.S.C. § 2253(c)(2); <u>Lennox v. Evans</u>. 87 F.3d 431 (10th Cir. 1996).

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge