**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

PHILLIP CALVIN BROWN,

      Defendant - Appellant.

No. 96-3371
(D.C. No. 96-CR-2003)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before EBEL, LOGAN, and KELLY, Circuit Judges.[**]

Defendant Phillip Calvin Brown appeals his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Facts

On June 15, 1994, Mr. Brown was arrested at an Oklahoma City bus station at approximately 10:15 a.m, after police found six kilograms of cocaine in his luggage. Soon after his arrest, Mr. Brown agreed to cooperate with police. Later the same day, DEA agents in Lawrence, Kansas, acting on information provided by Mr. Brown, observed two of Mr. Brown's co-conspirators leaving the Lawrence bus station in a red Chevy Cavalier, bearing a Missouri license plate. The agents followed the men to the Quality Inn, and matched the license plate number with two people who had checked into the hotel earlier in the day.

The hotel records obtained by the agents contained a registration card and a computer printout. The card was filled out by a hotel guest who identified himself as Morey Jones, one of the co-conspirators followed from the bus station. The card reflected that Mr. Jones and another person had checked into the hotel and were driving a Chevy with Missouri license plate number 59N 684. The card did not show the time of check-in. The computer printout contained the charges for the room, including phone calls, as well as the time and date of check-in. The hotel desk clerk wrote the license plate number on the printout. The time of check-in, apparently entered either by the desk clerk or by the computer automatically, was June 15 at 6:23 a.m. At the time of check-in, the hotel employees had not verified the men's names by asking for identification.

Mr. Brown was tried before a jury in the District of Kansas. The government attempted to show that Mr. Brown's co-conspirators had checked into the Kansas hotel before Mr. Brown was arrested, thus proving the element of venue. The government offered as evidence the hotel records reflecting the co-conspirators' check-in at 6:23 a.m. on June 15. The defense objected on the grounds of hearsay and denial of Mr. Brown's Sixth Amendment right to confront witnesses. The court overruled the objection, and Mr. Brown was convicted and sentenced to 120 months in prison.

Discussion

On appeal, Mr. Brown challenges the admission of the hotel records, which he timely objected to at trial. Evidentiary rulings are committed to the sound discretion of the trial court. United States v. Snow, 82 F.3d 935, 940 (10th Cir. 1996). Because Mr. Brown objected to the admission of the records on constitutional grounds, the government must show that any error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24 (1967).

Venue is an element of the prosecution's case which must be proved by a preponderance of the evidence. United States v. Miller, 111 F.3d 747, 749-50 (10th Cir. 1997). In a conspiracy case, venue is proper in any district in which either the conspiratorial agreement is reached, or an overt act in furtherance of the conspiracy is committed by any of the conspirators. United States v. Record, 873

F.2d 1363, 1366 (10th Cir. 1989). If a defendant withdraws from a conspiracy, he is no longer responsible for the further acts of the other conspirators. Id. at 1369. In this case, the conspiratorial agreement was reached in Missouri, not in Kansas. In addition, Mr. Brown withdrew when he was arrested and agreed to cooperate with the DEA at approximately 10:15 a.m. on June 15. See United States v. Fox, 902 F.2d 1508, 1516 (10th Cir. 1990) (a conspirator may withdraw by making a "clean breast" to the authorities). Thus, to establish venue the government had to prove an overt act in Kansas before 10:15 a.m. on June 15.

The government attempted to establish an overt act by introducing into evidence hotel records which purportedly showed that two of Mr. Brown's co-conspirators checked into the hotel four hours before Mr. Brown's arrest. Mr. Brown challenges the hotel records as hearsay. The records are hearsay, as they were offered to prove the truth of the matter asserted—namely, that Mr. Brown's co-conspirators checked into the hotel before Mr. Brown's withdrawal on June 15. United States v. McIntyre, 997 F.2d 687, 699 (10th Cir. 1993), cert. denied, 510 U.S. 1063 (1994). The government argues, however, that the records are covered by the business records exception, Fed. R. Evid. 803(6).

"The essential component of the business records exception is that each actor in the chain of information is under a business duty or compulsion to provide accurate information." McIntyre, 997 F.2d at 699 (citing 2 McCormick

on Evidence, § 290 at 274 (John William Strong, ed., 4th ed. 1992)).  In this case, the hotel guests providing the information were under no such duty or compulsion, and the hotel does not routinely check or verify the names provided by its guests.  Thus, the names on the cards provided by the hotel guests are not covered by the business records exception.

Other information contained in the hotel records, however, falls within the exception.  As the Tenth Circuit stated in McIntyre:

> We do not feel that in every case there must be direct testimony that an employee actually verified the information, nor is it necessary that there be an express policy that identification be checked.  In some cases, the interests of the business may be such that there exists a sufficient self-interest in . . . accuracy . . . that we can find its contents to be trustworthy.

997 F.2d at 700.  The information regarding the car was provided by the hotel guests, but the manager of the Quality Inn testified that vehicle information is recorded so that hotel employees can notify a guest in the event of any problems in the parking lot.  We think that the hotel's interest in policing its parking lot to ensure the safety of its guests—not to mention the guest's interest in being notified in case of a problem with his or her vehicle—is sufficient to ensure the accuracy of the information.  Moreover, DEA agents testified that later on June 15 they found Mr. Brown's co-conspirators driving the same car as that described in the hotel records.

The time and date of check-in was not entered by the hotel guests, but was

either automatically entered by the hotel's computer, or entered onto the computer by the hotel desk clerk. Regardless, Mr. Brown does not challenge the time entered on the computer printout, but challenges only the information provided by the guests.

Thus, although the names from the hotel records were not covered by the business records exception, and were erroneously admitted, the other information contained in the hotel records was properly admitted. The hotel records, properly redacted to exclude the unverified names, would still have established the timing of the check-in, as well as the description of the car driven by the guests who checked in. Independent evidence tied the co-conspirators to the car described in the records—specifically, the DEA agents' testimony that later on June 15 they found Mr. Brown's co-conspirators in the same car as that described in the hotel records. The district court's error was therefore harmless beyond a reasonable doubt, because the remaining evidence still would have established by a preponderance that Mr. Brown's co-conspirators checked into the Quality Inn in Kansas while Mr. Brown was still part of the conspiracy.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge