FILED
United States Court of Appeals
Tenth Circuit

February 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERVILIO OSWALDO ESCOBAR,

Defendant-Appellant.

No. 13-1229
(D.C. No. 1:12-CR-00059-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Servilio Escobar came to this country illegally from El Salvador but was initially granted "temporary protective status" — essentially a conditional guarantee that he wouldn't be deported. All that changed when he was convicted for felony theft. At that point, his protective status was revoked and he became subject to deportation. But Mr. Escobar didn't leave immediately, and neither did the government get around to removing him. That is, until he was arrested again, this time for driving under the influence of alcohol. Local law enforcement

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

notified Immigrations and Customs Enforcement that Mr. Escobar was in custody and unlawfully present in the United States. ICE took the opportunity to ask Mr. Escobar some questions. During that interview, Mr. Escobar admitted he was a foreign national in the country illegally and soon after that he was finally deported. Within a month, though, Mr. Escobar returned to this country, again illegally. After learning of his presence, the government arrested him and a jury convicted him of illegally reentering the United States after a prior deportation for a felony conviction. This appeal concerns one aspect of that trial.

Mr. Escobar says the district court erred when it permitted testimony about certain aspects of his interview with ICE officials after his drunk driving arrest. In particular, he says the district court erred by allowing testimony that he admitted to being an alien illegally in the country at that time. Mr. Escobar says he didn't receive a *Miranda* warning during the interview. And because of this, he argues, any use at trial of his admissions during that interview violated his Fifth Amendment right against self-incrimination.

The central difficulty Mr. Escobar confronts is this. As a court of appeals, we may not undo the jury's verdict if it's clear to us "beyond a reasonable doubt" that any putative *Miranda* error "did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24 (1967); *see also Arizona v. Fulminante*, 499 U.S. 279, 306-12 (1991) (*Chapman*'s harmless-error analysis applies to coerced confessions). The government, of course, bears the burden in this court

of establishing the harmlessness of any claimed error. *United States v. Miller*, 111 F.3d 747, 751 (10th Cir. 1997). But here it has done just that.

To be very clear, we don't doubt that Mr. Escobar's admission made plain to the jury in his most recent trial that he is an alien who was subject to deportation at the time of his drunk driving arrest. But considerable other evidence, all of it uncontested, was before the jury already proving exactly this much beyond a reasonable doubt. By way of example only, Mr. Escobar does not dispute that it was proper for the jury to rely on *other* statements he made to ICE officials that he was born in El Salvador and that he was a national of that country. Neither does he dispute that the district court properly admitted in evidence the deportation order that led to his removal from the country after his drunk driving arrest. That order clearly established (among other things) that Mr. Escobar had no legal status in the United States at the time in question. Mr. Escobar himself concedes that he is "not attacking the underlying deportation proceedings" and cannot do so because he lacks a "good-faith basis to do that." Given all this, we fail to see how any reasonable person could dispute his alienage or his illegal presence in the country prior to his deportation, with or without reference to the particular admission in question.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge