# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

MARK CASCH,
            *Defendant-Appellant.*

No. 05-30270

D.C. No.
CR-04-00106-EJL

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 1, 2006*
Portland, Oregon

Filed May 24, 2006

Before: John T. Noonan, A. Wallace Tashima, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Noonan

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Greg Silvey, Boise, Idaho, for the defendant-appellant.

Nancy Cook, Assistant United States Attorney, Coeur d'Alene, Idaho, for the plaintiff-appellee.

**OPINION**

NOONAN, Circuit Judge:

Mark Casch appeals his conviction of conspiracy to possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the court erred by failing to instruct on venue and consequently allowing him to be convicted on conduct uncharged in the indictment. Ruling on an issue of first impression in this circuit, we affirm the judgment of the district court.

PROCEEDINGS

On February 23, 2005, Casch was charged in a single paragraph superseding indictment with conspiracy, from July 1999 to May 18, 2004, to possess with intent to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine "in the District of Idaho and elsewhere."

Three witnesses testified for the government to sales or deliveries of the drugs by Casch in Idaho. Three more witnesses testified to purchases of drugs by Casch in the state of Washington. Three additional witnesses testified to drug transactions by Casch that occurred in both Idaho and Washington.

In Instruction No. 23, the district court instructed the jury that the government must prove the defendant entered an agreement to commit at least one of the crimes charged in the indictment. The defense objected as follows:

> Instruction No. 23 does not have any kind of jurisdictional element to it. I guess it may indirectly because it says "did commit one crime as charged in the superseding indictment." And then if you look in the superseding indictment, it does refer to the District of Idaho. So I guess like if all this stuff happened in Wisconsin, obviously this Court may not have jurisdiction over this matter and the jury would not have any jurisdiction to convict him if it occurred like in Wisconsin or someplace. It just seems like there needs to be something that this happened in the District of Idaho.

The court responded that the issue was "really a question of law for the Court . . . . The Court would rule that as a matter of law, that venue jurisdiction does lie with this Court."

The jury returned a verdict of guilty. Casch was sentenced to 16 years in prison. He now appeals his conviction.

## ANALYSIS

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed. U.S. Const., Art. III, § 3.

[1] Embedded in the Constitution as a significant section of the article creating the federal judicial system, this provision determining the venue for federal criminal trials is part of the

bedrock of our federal system. Persons charged with crimes are to be tried where the crimes are said to have been done. Division of venue by states trumps the national interest in having a single place where all offenses against the nation might be tried.

Casch contends that the indictment charging him with offenses committed "in the District of Idaho or elsewhere" permitted the jury, uninstructed as to venue, to convict him on crimes committed in Washington. Casch characterizes this result as a constructive amendment of the indictment. But there was no "complex of facts" presented at trial "distinctly different from those in the indictment." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2006). Nor was there a fatal variance. *Id*.

Casch also argues that the jury was free to be not unanimous, some members finding him guilty on account of his conduct in Idaho, others on account of his conduct in Washington. He insists that it was for the jury to determine where venue lay. Uninstructed, the jury did not do so. His point merits examination.

**[2]** Venue is a question of fact: is there a match between the place of commission of the crimes and the state where the trial is taking place? *United States v. Miller*, 111 F.3d 747, 749 (10th Cir. 1997). Venue is not an element of the charged crime, but establishment of venue is part of the prosecution's burden. *Id*. at 749-50. In a jury trial, it is not for the court to determine that venue exists, and it is error for the court to decline to give the instruction. *Id.* at 750.

**[3]** The error, which deprives the command in Article III of effect, is of constitutional magnitude, but it is not structural — that is, it does not deprive the trial of fundamental fairness. *See Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991). The error is consequently susceptible of harmless error analysis.

**[4]** Casch was properly convicted in this case if he was convicted of a conspiracy entered into by him to possess methamphetamine and cocaine with intent to distribute them in Idaho. The evidence at trial was overwhelming that he had formed such a conspiracy. It is a speculation without substance that any juror thought him innocent of conspiracy in Idaho but guilty in Washington or that a less than unanimous jury convicted him of the crimes in Idaho. *See United States v. Garcia-Rivera*, 353 F.3d 788, 791 (9th Cir. 2003). Casch was convicted of a crime in the venue in which he had committed it. *See United States v. Martinez*, 901 F.2d 374, 377 (4th Cir. 1990); *United States v. Moeckly*, 769 F.2d 453, 462 (8th Cir. 1985). Relying on these cases, we adopt their harmless error test in contrast to the apparently more vigorous standard set by the Tenth Circuit in *Miller*. *See* 111 F.3d at 753-54. Because the evidence that Casch committed conspiracy in Idaho was "substantial" and "uncontroverted," the district court's error was harmless. *See Martinez*, 901 F.3d at 377; *Moeckly*, 769 F.3d at 462. Here, as in *Martinez*, "proof of venue may be so clear that failure to instruct on the issue is not reversible error." 901 F.2d at 376.

Accordingly, the judgment of the district court is AFFIRMED.